STATE OF NORTH CAROLINA ex rel. S. THOMAS RHODES, Secretary, Department of Natural Resources and Community Development v. VIVIAN ANNE SIMPSON

No. 873SC1128

(Filed 4 October 1988)

**1. Appeal and Error § 6.9; Jury § 1— jury trial allowed—appealability of order**

The State could properly appeal from an interlocutory order denying its motion to deny defendant's request for a jury trial, since the right not to have a case tried by a jury is a substantial right.

**2. Jury § 1— destruction of coastal wetlands alleged—landowner's right to jury trial**

Where plaintiff alleged that defendant destroyed coastal wetlands and contaminated estuarine waters, and plaintiff sought an injunction to enjoin defendant from developing or filling in any more lands and to require her to remove materials illegally put there, Article I, § 25 of the North Carolina Constitution applied to provide defendant with a trial by jury, since the controversy here was one "respecting property," in that it affected defendant's right to use her property as she saw fit, and it was one "at law," in that its purpose was to rectify damage allegedly done to the land held in trust for the public by requiring defendant to restore the land to its former condition or pay damages therefor.

APPEAL by plaintiff from *Tillery, Judge*. Order entered 25 June 1987 in Superior Court, CARTERET County. Heard in the Court of Appeals 6 April 1988.

*Inter alia*, the Dredge and Fill Act of 1969 (G.S. 113-229) and the Coastal Area Management Act of 1974 (G.S. 113A-100, *et seq.*) require owners of land situated on a marsh or wetland or within certain distances of a beach, sound or estuary to obtain a Coastal Area Management Act permit before filling in or otherwise developing such land, and both acts authorize the Secretary of the Department of Natural Resources and Community Development to sue landowners for violations by a civil action. In the action authorized by G.S. 113-229(1) damages and injunctive relief may be obtained and—

> . . . such other and further relief in the premises as said court may deem proper, to prevent or recover for any damage to any lands or property which the State holds in the public trust, and to restrain any violation of this section or of any provision of a dredging or filling permit issued under this section . . .;

and in the action authorized by G.S. 113A-126(a) penalties may be recovered, and injunctive and "such other or further relief in the premises as said court shall deem proper" may be obtained. Neither act refers to or purports to authorize a jury trial. In this action the State alleges that defendant, who owns certain land bordering on Cales Creek in Carteret County, violated both acts by filling in about 5,000 square feet of land designated as coastal wetlands and a protectable area of environmental concern under 15 NCAC 7H.0101, *et seq.*, without obtaining a permit and it asks that she be enjoined from developing or filling in any more lands subject to the acts and compelled to remove the materials illegally put there and that it be given "such other and further relief" as the court deems proper. In her answer defendant denies the allegations that her land is within the "coastal wetlands" as statutorily defined and denies that she filled it in to the damage of wetlands held by plaintiff in trust for the public, and requested a jury trial on the factual issues raised. The State moved to deny defendant's request for a jury trial and appealed from an order denying the motion.

*Attorney General Thornburg, by Assistant Attorney General J. Allen Jernigan, for the State.*

*Bennett, McConkey, Thompson, Marquardt & Wallace, by Thomas S. Bennett, for defendant appellee.*

PHILLIPS, Judge.

[1] Though the State's appeal is from an interlocutory order, it is authorized since the right not to have a case tried by a jury is a substantial right, no less than is the right to a jury trial. *Faircloth v. Beard*, 320 N.C. 505, 358 S.E. 2d 512 (1987). The only question it presents is whether the following guarantee:

In all controversies at law respecting property, the ancient mode of trial by jury is one of the best securities of the rights of the people, and shall remain sacred and inviolable.

contained in Section 25 of Article I of the North Carolina Constitution applies to this case. The trial court held that it does and we agree.

[2] Though Section 25 contains no such qualification the State correctly notes that it has been construed to apply only to actions

respecting property in which the right to a jury trial existed either at common law or by statute before the 1868 Constitution became operative and for actions created since then the right to a jury trial depends upon statutory authority, *The Chowan & Southern Railroad Co. v. Parker*, 105 N.C. 246, 11 S.E. 328 (1890); and it points out that in the absence of an enactment authorizing a jury trial it has been held that there is no right to a jury trial in several actions created by the General Assembly since 1868, among which are disbarment proceedings, *North Carolina State Bar v. DuMont*, 304 N.C. 627, 286 S.E. 2d 89 (1982), proceedings to terminate parental rights, *In re Clark*, 303 N.C. 592, 281 S.E. 2d 47 (1981), and actions for equitable distribution, *Phillips v. Phillips*, 73 N.C. App. 68, 326 S.E. 2d 57 (1985). Based on these holdings the State argues that since this action was recently created by the legislature without providing for a jury trial the constitutional guarantee does not apply. We disagree; for the controversy is at law and respects property, as the constitutional provision requires, and the action is of a type that has always been accompanied by a right to trial by a jury.

A controversy is one "respecting property" if it affects any right in the property or in its use, *Belk's Department Store, Inc. v. Guilford County*, 222 N.C. 441, 23 S.E. 2d 897 (1943), and this controversy affects defendant's right to use her property as she sees fit. The action is "at law," since its purpose is not merely to restrain defendant from violating the acts in the future, but to rectify the damage allegedly done to the land held in trust for the public by requiring her to restore the land to its former condition or pay damages therefor. That damages were not prayed for in the complaint is immaterial, they can be recovered if the evidence warrants. *Peele v. Hartsell*, 258 N.C. 680, 129 S.E. 2d 97 (1963). Thus, this is an action for damage done to real estate, as ancient an action as the common law knows; and also an action for misusing land to the detriment of the public, which in essence is the ancient action to abate a nuisance, as the Supreme Court of the United States recognized in *Tull v. United States*, 481 U.S. ---, 95 L.Ed. 2d 365, 107 S.Ct. 1831 (1987); and in this State a landowner charged with making a public nuisance of his property is entitled to a jury trial if timely demand therefor is made. *State ex rel. Bowman v. Malloy*, 264 N.C. 396, 141 S.E. 2d 796 (1965). That the alleged detriment to the public good in this instance —

the destruction of coastal wetlands and the contamination of estuarine waters—did not arouse the public until recently does not make an ancient action a new creation. Landowners who use their property to the detriment of the public and others have always been subject to the law's authority in this State; in exercising that authority the ancient practice has been followed of using a jury to determine the disputed facts if requested, and for the reasons stated that practice must be followed in this case.

Affirmed.

Chief Judge HEDRICK and Judge EAGLES concur.