STATE OF NORTH CAROLINA EX REL. S. THOMAS RHODES, SECRETARY, DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT v. RALPH GASKILL

No. 548PA88

(Filed 5 October 1989)

**Appeal and Error § 9 (NCI3d) — consent judgment — moot appeal**

An appeal is dismissed as moot where a consent judgment settling all matters in controversy between the parties was entered while the appeal was pending.

**Am Jur 2d, Appeal and Error §§ 761, 763.**

ON discretionary review of a decision by a unanimous panel of the Court of Appeals allowed 2 March 1989. *State ex rel. Rhodes v. Gaskill*, 91 N.C. App. 639, 372 S.E.2d 746 (1988), *disc. rev. allowed*, 324 N.C. 251, 377 S.E.2d 763 (1989). Heard in the Supreme Court 11 September 1989.

*Lacy H. Thornburg, Attorney General, by J. Allen Jernigan, Assistant Attorney General, for the State-appellant.*

*Wheatly, Wheatly, Nobles, Weeks & Wainwright, P.A., by C. R. Wheatly, III, for defendant-appellee.*

*Conservation Council of North Carolina, by John D. Runkle, General Counsel, amicus curiae.*

PER CURIAM.

On 29 August 1986, the plaintiff, State of North Carolina ex rel. S. Thomas Rhodes, Secretary of the Department of Natural Resources and Community Development, filed a verified complaint and motion for preliminary mandatory injunction in Carteret County Superior Court to restrain defendant, Ralph Gaskill, from violating

the Coastal Area Management Act of 1976, N.C.G.S. ch. 113A, art. 7 (1983 & Cum. Supp. 1985) ("CAMA"), and the Dredge and Fill Act, N.C.G.S. § 113-229 (1983), and to require the restoration of the property excavated by defendant for a duck pond in coastal wetlands. Defendant answered, denying the material allegations of the complaint, asserting a counterclaim in the nature of inverse condemnation, and demanding trial by jury. On 9 December 1986, Judge George M. Fountain entered a preliminary injunction against defendant. On 26 May 1987, Judge David E. Reid, Jr., dismissed defendant's counterclaim and denied the State's motion for summary judgment. On 1 June 1987, the State filed a motion to deny defendant's jury trial demand. By order filed 21 August 1987, Judge Reid denied the State's motion. The State appealed to the Court of Appeals, where this case was consolidated for hearing with *State ex rel. Rhodes v. Simpson*, 91 N.C. App. 517, 372 S.E.2d 312 (1988), *disc. rev. allowed*, 324 N.C. 251, 377 S.E.2d 763 (1989). Relying on its decision in *Simpson*, a companion case which raised the same issues, the Court of Appeals affirmed the denial of the State's motion to deny defendant's demand for a jury trial. This Court allowed the State's petition for discretionary review.

At the oral argument of this case, the Court was informed that subsequent to the filing of the decision of the Court of Appeals in this case and prior to oral argument before this Court, a consent judgment had been entered which settled all matters in controversy between the parties. This Court requested and received from the Clerk of Court of Carteret County a copy of said consent judgment.

The judgment, consented to by the Director of the Division of Coastal Management, Department of Natural Resources and Community Development; the Attorney General; defendant; and the attorneys for the State and defendant, was signed and entered by Judge Herbert O. Phillips on 14 August 1989, approximately ten months after the filing of the Court of Appeals decision, five months after the case had been pending in this Court, and one month prior to the oral arguments before this Court. The consent judgment provides for the restoration of the land to achieve compliance with the statutes as sought by the State and a maximum civil penalty from which defendant may seek remission before the Coastal Resources Commission. The judgment acknowledges that the State and defendant have agreed upon and settled all matters in controversy between them as regards this proceeding. As ex-

plained in *Pearson v. Martin*, 319 N.C. 449, 355 S.E.2d 496 (1987), the case has been made moot by the entry of the consent judgment:

> That a court will not decide a "moot" case is recognized in virtually every American jurisdiction. . . . In state courts the exclusion of moot questions from determination is not based on a lack of jurisdiction but rather represents a form of judicial restraint. . . .
>
> Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. . . .
>
> Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action.

*In re Peoples*, 296 N.C. 109, 147-48, 250 S.E. 2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L.Ed. 2d 297 (1979) (citations omitted).

*Id.* at 451, 355 S.E.2d at 497-98.

As no motion to dismiss for mootness has been filed herein, as is usually the case, we dismiss the appeal *ex mero motu*.

The action is moot, and the case on appeal is hereby dismissed.

Appeal dismissed.