**BONEY PUBLISHERS, INC. v. BURLINGTON CITY COUNCIL**

[151 N.C. App. 651 (2002)]

BONEY PUBLISHERS, INC. D/B/A *THE ALAMANCE NEWS*, PLAINTIFF V. THE BURLINGTON CITY COUNCIL, AND JOSEPH P. BARBOUR, MAYOR, DR. DAVID L. MAYNARD, MAYOR PRO TEM, DAVID R. HUFFMAN, MARK A. JONES, AND STEPHEN M. ROSS, ALL IN THEIR OFFICIAL CAPACITIES AS OFFICIALS OF THE CITY OF BURLINGTON AND MEMBERS OF THE BURLINGTON CITY COUNCIL, DEFENDANTS

No. COA01-878

(Filed 6 August 2002)

**1. Appeal and Error— mootness—capable of repetition yet evading review**

Although plaintiff's appeal from the denial of its request for disclosure of information revealed in a closed city council meeting regarding the purchase of real property is technically moot since the information sought by plaintiff has been fully disclosed, a case which is capable of repetition yet evading review may present an exception to the mootness doctrine, and there is a reasonable likelihood that defendants in considering the acquisition of other property for municipal purposes could repeat the conduct which is at issue.

**2. Open Meetings— closed session—location of real property and intended use**

The trial court did not err by determining that defendant city council members violated the Open Meetings Law by going into closed session to discuss the potential purchase of real property without first disclosing, in open session, the location of the property and the intended use of the property, because: (1) while there may be cases in which the location and intended use of property being considered for acquisition may constitute material terms to be negotiated, this was not such a case; and (2) a public body may not reserve for discussion in closed session under the guise of N.C.G.S. § 143-318.11(a)(5) matters relating to the terms of a contract for acquisition of real property unless those terms are material to the contract and also actually subject to negotiation.

**3. Open Meetings— closed session—identity of owners of real property**

The trial court erred by determining that defendant city council members were not required under the Open Meetings Law to reveal the identity of the owners of the real property proposed for acquisition, because the identity of the owners of the property under consideration was not a material term for

which the City was required to establish a position for purposes of negotiation.

### 4. Open Meetings— closed session—minutes—location of real property and intended use—price

The trial court erred by determining that defendants were entitled to withhold the minutes of the 6 November 2000 closed session relating to the proposed real property acquisition but did not err as to the portion of the minutes regarding the discussions with respect to price, because: (1) minutes or an account of a closed session are public records unless they are conducted in compliance with N.C.G.S. § 143-318.11 and public inspection would frustrate the purpose of the closed session; and (2) the location of the property, purposes of acquisition, and identity of the owner did not constitute confidential information protected by N.C.G.S. § 143-318.11.

Appeal by plaintiff and defendants from order and judgment entered 3 January 2001 by Judge Stafford G. Bullock in Alamance County Superior Court. Heard in the Court of Appeals 23 May 2002.

*Smith Helms Mulliss & Moore, L.L.P., by John Bussian, for plaintiff.*

*City Attorney Robert M. Ward; and Thomas, Ferguson & Charns, L.L.P., by Jay H. Ferguson, for defendants.*

MARTIN, Judge.

Plaintiff, publisher of a weekly newspaper in Alamance County, brought this action on 22 November 2000 seeking declaratory and injunctive relief upon allegations that defendants, as members of the City Council of the City of Burlington (hereinafter "Council" or "defendants"), had violated North Carolina's Open Meetings Law, N.C. Gen. Stat. § 143-318.10 *et seq.*, and Public Records Act, N.C. Gen. Stat. § 132-1 *et seq.* Plaintiff alleged, and the record shows, that on 6 November 2000, the Council met in open meeting for a regularly scheduled work session. During that meeting, the Council voted to go into closed session pursuant to G.S. § 143-318.11(a)(3) and G.S. § 143-318.11(a)(5) for the purposes of discussing three lawsuits and the acquisition of a certain tract of real property. A reporter for plaintiff's newspaper was present and requested, prior to the closed session, that the Council disclose the location of the property, the identity of the owner, and the proposed use of the property. Upon

advice of the City Attorney, the Council declined to disclose the requested information and entered into closed session.

As pertinent to this appeal, the minutes of the closed session reflect that Council considered a proposal by the City's Recreation Director for the acquisition of property for the development of a city park. The Recreation Director identified the property, explained why the land would be useful as the site for a public park, identified the owners of the property, gave the appraised value of the property, and advised the Council of the owner's asking price. The Council directed the Recreation Director to proceed with negotiations for acquisition of the property, giving him authority to offer no more than $1,275,000 to purchase it.

By letter dated 15 November 2000, plaintiff requested City officials to disclose (1) the location of the tract under consideration, (2) the identity of the owners, and (3) the purpose for the City's acquisition. In addition, plaintiff requested copies of all documents received or discussed during the closed session relative to the land acquisition, and the minutes of the closed session dealing with the purchase of the property. By letter dated 16 November 2000, plaintiff's request was denied. This lawsuit ensued.

On 27 November 2000, defendants moved to dismiss plaintiff's complaint pursuant to G.S. § 1A-1, Rule 12(b)(6). On 28 November 2000, the Council held a special meeting and disclosed the location of the property, the purpose for the acquisition, and the names of the landowners. At that meeting, the Council authorized the purchase of the subject property.

Following a hearing, the superior court entered an order and judgment, dated 29 December 2000, in which it found facts consistent with the foregoing summary and concluded that defendants had violated the Open Meetings Law by deliberating the proposed land acquisition in closed session without first disclosing the location of the property and the purpose for which its acquisition was being considered. The trial court also concluded, however, that the Council's action in withholding the names of the owners of the property did not violate the Open Meetings Law, and that the Council was authorized by the Open Meetings Law and the Public Records Act to withhold the minutes of the closed session until disclosure would not frustrate the purpose of the closed session. The trial court, in its discretion, declined to render the actions of the Council taken in the closed session null and void pursuant to G.S. § 143-318.16A. Because the

requested information was disclosed in a subsequent open meeting held 28 November 2000, the trial court found it unnecessary to address plaintiff's request for injunctive relief. Finally, all parties were denied their respective requests for attorneys' fees.

All parties gave notice of appeal.

---

[1] This appeal is technically moot because the information sought by plaintiff has been fully disclosed. If no genuine present controversy exists between the parties, a case which was once "alive becomes moot." *Crumpler v. Thornburg*, 92 N.C. App. 719, 723, 375 S.E.2d 708, 711, *disc. review denied*, 324 N.C. 543, 380 S.E.2d 770 (1989). Nevertheless, a case which is " 'capable of repetition, yet evading review' may present an exception to the mootness doctrine." *Id.* (citations omitted).

> There are two elements required for the exception to apply: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.

*Id.* In the present case, the parties have stipulated that all the requested information was disclosed in open session on 28 November 2000, well before the controversy could be fully litigated. There is also a reasonable likelihood that defendants, in considering the acquisition of other property for municipal purposes, could repeat the conduct which is at issue here, subjecting plaintiff to the same action. Consequently, we believe it appropriate that we consider the issues raised by the parties' respective appeals.

### Defendants' Appeal

[2] Defendants argue the trial court erred in its determination that defendants violated the Open Meetings Law by going into closed session to discuss the potential purchase of real property without first disclosing, in open session, the location of the property and the intended use of the property. We disagree.

As a general rule, "each official meeting of a public body shall be open to the public . . . ." N.C. Gen. Stat. § 143-318.10(a). However, G.S. § 143-318.11 permits a public body to hold a closed session for certain enumerated purposes. As pertinent to this appeal, the statute provides:

BONEY PUBLISHERS, INC. v. BURLINGTON CITY COUNCIL

[151 N.C. App. 651 (2002)]

(a) Permitted Purposes.—It is the policy of this State that closed sessions shall be held only when required to permit a public body to act in the public interest as permitted in this section. A public body may hold a closed session and exclude the public only when a closed session is required:

. . .

(5) To establish, or to instruct the public body's staff or negotiating agents concerning the position to be taken by or on behalf of the public body in negotiating (i) the price and other material terms of a contract or proposed contract for the acquisition of real property by purchase, option, exchange, or lease; or (ii) the amount of compensation and other material terms of an employment contract or proposed employment contract.

N.C. Gen. Stat. § 143-318.11(a)(5) (2001). Interpreting the statute, the trial court held that defendants were required to reveal, in open session prior to the closed session, the location of the property and the purpose of the proposed acquisition. Defendants assign error, arguing specifically that the statute does not require public bodies to disclose in open session the location of the property and its intended purpose, because this information represents material terms of a contract to purchase real property. Plaintiff argues that the location of the property and its intended use cannot be construed as material terms of the contract and as such are not protected from public disclosure by G.S. § 143-318.11(a).

The singular goal of statutory construction "is to give effect to the intent of the Legislature." *Clark v. Sanger Clinic, P.A.*, 142 N.C. App. 350, 354, 542 S.E.2d 668, 671, *disc. review denied*, 353 N.C. 450, 548 S.E.2d 524 (2001) (citation omitted). To this end,

the courts must refer primarily to the language of the enactment itself. [citation omitted] A statute that "*is free from ambiguity, explicit in terms and plain of meaning*" must be enforced as written, without resort to judicial construction.

*Id.* at 354, 542 S.E.2d at 671-72 (emphasis in original) (citations omitted). We believe exceptions to the operation of open meetings laws must be narrowly construed. *See Publishing Co. v. Board of Education*, 29 N.C. App. 37, 47, 223 S.E.2d 580, 586 (1976) (citations omitted) ("While neither our Supreme Court nor this Court has spoken on the question of strict construction as it pertains to our

open meetings law, courts of other states have held that exceptions to their open meeting statutes allowing closed meetings must be narrowly construed since they derogate the general policy of open meetings.").

The language of G.S. § 143-318.11(a)(5) is clear: a closed session is appropriate when a public body seeks "to establish . . . the position to be taken by . . . the public body *in negotiating . . . the price and other material terms* of a contract or proposed contract for the acquisition of real property . . ." (emphasis added). Closed session is therefore appropriate in the event the public body intends to discuss the price to be paid for a particular tract of land, or to discuss other material terms of the contract to purchase the tract which may be subject to negotiation. Under the facts of the present case, however, plaintiff sought public disclosure only of the location of the tract of land, its intended use, and the identity of the owner. In the closed session, the Council was presented with the option of purchasing a single tract of land from the Ingle Family for the specific purpose of creating a public park. The Council neither had to consider reasons to choose among multiple properties nor discuss different possible uses for the tract under consideration. In fact, the only material terms subject to discussion during the closed session were the offering price for the property and whether the seller would be seeking to structure the conveyance to gain tax advantages. Price is a material term of a contract and is specifically protected from public disclosure by G.S. § 143-318.11(a)(5); the manner in which the conveyance might be structured is also a material term of the contract, and a proper subject for discussion in closed session. While there may certainly be cases in which the location and intended use of property being considered for acquisition may constitute material terms to be negotiated, this was not such a case.

A secondary approach used to discern legislative intent is to examine the legislative history and the circumstances surrounding the adoption of the statute. *Milk Commission v. Food Stores*, 270 N.C. 323, 154 S.E.2d 548 (1967). In the 1993 legislative session, the General Assembly revised G.S. § 143-318.11, reducing the number of exceptions for which a public body could go into closed session from twenty to seven, and narrowing the property acquisition exception. The previous statutory exception for property acquisition stated: "A public body may hold an executive session and exclude the public: . . . [t]o consider the selection of a site or the acquisition by any means or lease as lessee of interests in real property." N.C. Gen.

BONEY PUBLISHERS, INC. v. BURLINGTON CITY COUNCIL

[151 N.C. App. 651 (2002)]

Stat. § 143-318.11(a)(1) (effective prior to 1 October 1994). The current statute, as amended in 1993, clearly reveals a legislative intent to restrict the subject matter permitted to be considered in a closed session. The language of the current property acquisition exception, as quoted earlier in this opinion, is considerably more narrow and specific than the previous version. In its current version, a public body may enter a closed session to discuss the position to be taken by the public body in *negotiating material terms* of a property acquisition contract, such as price. *See N.C. Electric Membership Corp. v. N.C. Dept. of Econ. and Comm. Dev.*, 108 N.C. App. 711, 720, 425 S.E.2d 440, 446 (1993) ("the presumption is that the legislature intended to change the law through its amendments"). Thus, an analysis of the legislative history of G.S. § 143-318.11 indicates that the General Assembly intended to restrict the circumstances under which a public body could enter a closed session by revising the statute in the 1993 legislative session. *See H.B.S. Contractors v. Cumberland County Bd. of Education*, 122 N.C. App. 49, 55, 468 S.E.2d 517, 522, *review improv. allowed*, 345 N.C. 178, 477 S.E.2d 926 (1996) (citation omitted) ("public bodies should act in open session because they serve the *public-at-large*.").

It is the policy of this State, as announced by the General Assembly, to conduct the public's business in public. The General Assembly has made clear its intent to restrict the circumstances in which closed sessions are permitted. The language of G.S. § 143-318.11(a)(5) does not permit a public body to deny the public access to information which is not a material term subject to negotiation regarding the acquisition of real property. Therefore, we hold that a public body, such as defendants here, may not reserve for discussion in closed session, under the guise of G.S. § 143-318.11(a)(5), matters relating to the terms of a contract for acquisition of real property unless those terms are material to the contract and also actually subject to negotiation. Our holding adequately protects the interests of the public body in maintaining bargaining position while also protecting the public's interest in open government. The trial court correctly ruled, under the facts of this case, that defendants were required to disclose, in open session, the location of the property proposed for acquisition and its intended purpose before going into closed session to consider and establish the City's position with respect to the material terms of the contract to acquire the property. Defendants assignments of error to the contrary are overruled.

## Plaintiff's Appeal

**[3]** In its appeal, plaintiff assigns error to the trial court's determination that defendants were not required to reveal the identity of the owners of the real property proposed for acquisition. They contend the Open Meetings Law requires such disclosure. Under the facts of this case, we agree.

For the reasons which we have already stated, the identity of the owners of the property under consideration in the present case was not a material term for which the City was required to establish a position for purposes of negotiation; like the location of the tract, the identity of the owners should have been revealed in open session. The purpose of the Open Meetings Law is "to promote openness in the daily workings of public bodies." *H.B.S. Contractors*, 122 N.C. App. at 54, 468 S.E.2d at 521. To that end, this Court is compelled to construe narrowly exceptions to the operation of laws. *Publishing Co.*, 29 N.C. App. 37, 223 S.E.2d 580. Arguably, if the City's consideration of property acquisition involved different tracts of land with different owners, such facts could be protected by the statute from the requirement of disclosure in an open session because they would be material to the terms of any proposed contract to be negotiated. Such circumstances are not before us here, however, and we need not decide the extent to which disclosure is required under such hypothetical facts. Instead, as earlier pointed out, the discussion of material terms in this case appeared to be restricted to the purchase price.

**[4]** Plaintiff also assigns error to the trial court's determination that defendants were entitled to withhold the minutes of the 6 November 2000 closed session relating to the proposed real property acquisition because disclosure would "frustrate the purpose of the closed session." We agree with plaintiff's argument in part.

It is beyond argument that minutes of the Council's closed session are "public records" within the meaning of North Carolina's Public Records Law, N.C. Gen. Stat. § 132-1 *et seq. See* N.C. Gen. Stat. § 143-318.10 (minutes of all official meetings, including closed sessions, are public records within meaning of Public Records Law.) The Public Records Law provides that "it is the policy of this State that the people may obtain copies of their public records and public information free or at minimal cost unless otherwise specifically provided by law." N.C. Gen. Stat. § 132-1(b). However, even though they are public records, "minutes or an account of a closed session conducted *in compliance with G.S. 143-318.11* may be withheld from public

inspection so long as public inspection would frustrate the purpose of a closed session." N.C. Gen. Stat. § 143-318.10(e) (emphasis added).

The plain language of G.S. § 143-138.10 requires that a closed session be conducted in compliance with G.S. § 143-318.11 in order for the minutes of such session to be withheld from public inspection. In the present case, however, as explained above, the location of the property, purpose of acquisition, and identity of the owner was not confidential information protected by G.S. § 143-318.11. Therefore, the portions of the minutes which revealed such information should have been disclosed to plaintiff upon request, and the trial court erred in concluding defendants' action in withholding such information complied with North Carolina's Open Meetings and Public Records laws. Insofar as the portion of the minutes regarding the Council's discussions with respect to price is concerned, however, we find no error in the trial court's decision authorizing defendants to withhold such portion of the minutes until disclosure would no longer frustrate the purpose of the closed session.

Defendants' appeal—affirmed.

Plaintiff's appeal—affirmed in part, reversed in part.

Judges TIMMONS-GOODSON and THOMAS concur.