JAMES WILLIAMS, Plaintiff v. CHRISTOPHER VONDERAU, Defendant

No. COA05-1549

(Filed 2 January 2007)

**Appeal and Error— mootness—order expiring before appeal heard**

An appeal from a civil no-contact order was dismissed as moot where the appeal was heard almost five months after the order ceased to be effective.

Judge Tyson dissenting.

Appeal by Defendant from order issued 8 August 2005 by Judge Shelly S. Holt in District Court, New Hanover County. Heard in the Court of Appeals 12 September 2006.

*James E. Williams, plaintiff-appellee.*

*Bruce A. Mason and Samantha K. Stokes, for defendant-appellant.*

WILLIAMS v. VONDERAU

[181 N.C. App. 18 (2007)]

WYNN, Judge.

"A case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy."[1] Here, Defendant appeals from a Chapter 50C Civil No-Contact Order, effective 7 April 2005 for a period of one year. The appeal was heard before this Court 12 September 2006, almost five months after the order ceased to be effective. For this reason, we find the issue is moot and accordingly dismiss.

The facts of the case were that at an 8 April 2005 hearing on this matter, Plaintiff James Williams testified that on 15 February 2005 Defendant Christopher Vonderau and his wife, along with several people who lived in the neighborhood, came to the edge of Williams' property, while Vonderau repeatedly demanded Williams come out and face him. Vonderau stated, "[c]ommit some more felonies, sell some more drugs, don't you have anything better to do."

At the hearing, Williams and his wife recited, without objection, details of the 15 February incident, where Vonderau stood in front of Williams' house yelling insults, racial slurs and challenges to confrontation. Williams testified that Vonderau "lived up the street" and would "come down and harass" him and his family. Williams stated, "We're slowly building the house and they don't want blacks in their neighborhoods and they keep coming down harassing us." Mrs. Williams also testified, regarding the conduct of Vonderau and his wife. She stated, "it's just been horrible. They've been stalking and harassing our family for years. . . . We definitely need an order for them to stay away. I don't even know why they wouldn't want to stay away. Why would they want to keep coming around us." The Williamses also testified, at length, regarding other incidents of confrontation with Vonderau and his wife.

The trial court heard testimony of a 2004 confrontation between Williams and the Vonderaus' children. Following a complaint from Mrs. Vonderau, Williams was charged with two counts of assault and communicating threats. Williams was not convicted of either charge. Further testimony indicated that Vonderau later prompted Building Code Enforcement officials to inspect the Williams' house to determine if the Williamses were occupying the house before a certificate of occupancy had been issued.

---

1. *Lange v. Lange*, 357 N.C. 645, 647, 588 S.E.2d 877, 879 (citation and quotation omitted).

Following the hearing, the trial court issued a civil no-contact order in favor of Williams which ordered that:

1. The defendant not visit, assault, molest, or otherwise interfere with plaintiff.

2. The defendant cease stalking the plaintiff.

3. The defendant cease harassment of the plaintiff.

4. The defendant not abuse or injure the plaintiff.

5. The defendant not contact the plaintiff by telephone, written communication, or electronic means.

6. The defendant not enter or remain present at the plaintiff's residence, place of employment, or other places listed below at times when the plaintiff is present.

On 18 April 2005, Vonderau filed a Rule 59 motion for a re-hearing. On 8 August 2005, the trial court heard arguments, denied the motion, and on 25 August 2005 entered its judgment. From the trial court's order denying a re-hearing, Vonderau appealed.

---

On appeal, Vonderau raises several arguments regarding the validity of the underlying civil no-contact order; however, we must dismiss this matter as moot.

"A case is considered moot when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy." *Lange v. Lange,* 357 N.C. 645, 647, 588 S.E.2d 877, 879 (quotation and citation omitted). And, if an issue is determined to be moot at any time during the course of the proceedings, the usual response should be to dismiss the matter. *See N.C. Press Assoc. v. Spangler,* 87 N.C. App. 169, 170-71, 360 S.E.2d 138, 139 (1987).

Vonderau appeals from the civil no-contact order, taking effect 8 April 2005 and initially effective for a period of one year [R. 13-14]. We note the case was calendared for hearing before this Court 10 September 2006, more than five months after the civil no-contact order ceased to be effective. This raises the possibility that the issues Vonderau raised are moot; if so, this Court should dismiss the matter. *See Id.* at 171, 360 S.E.2d at 139.

Under Chapter 50C of the North Carolina General Statutes, a civil no-contact order may be renewed without the requirement an unlawful act be committed after entry of the current order.

WILLIAMS v. VONDERAU

[181 N.C. App. 18 (2007)]

*The court may renew an order, including an order that previously has been renewed, upon a motion by the complainant filed before the expiration of the current order. The court may renew the order for good cause. . . . If the motion for extension is uncontested and the complainant seeks no modification of the order, the order may be extended if the complainant's motion or affidavit states that there has been no material change in relevant circumstances since entry of the order .and states the reason for the requested extension.*

*N.C. Gen. Stat.* 50C-8(c) (2005).

The record before us contains no information the original order has been extended or that an extension has been sought. Absent evidence of an extension, the matter appears to no longer be in controversy. As such, the matter is moot. *See State ex rel Rhodes v. Gaskill,* 325 N.C. 424, 383 S.E.2d 923 (1989).

We conclude the order from which Vonderau appealed is no longer effective and was not effective at the time the case was heard before this Court. Accordingly, we dismiss Vonderau's appeal as moot.[2]

We note that even if this matter was not considered moot, Vonderau only gave notice from the denial of his Rule 59 motion to set aside an underlying order. *See Davis v. Davis,* 360 N.C. 518, 631 S.E.2d 114 (2006). Notwithstanding the mootness of this appeal, we reviewed Vonderau's claim for a new trial under Rule 59 and determined that his appeal, even if it was properly before us, is without merit.

---

2. This Court has previously addressed appeals past the expiration of the underlying order where the defendant may have suffered collateral legal consequences from the entry of the court order—*e.g., Smith v. Smith,* 145 N.C. App. 434, 549 S.E.2d 912 (2001) (domestic violence protective order may have been considered in a child custody action involving the defendant) or the stigma attached to a judicial determination that subjects a defendant to a court order is so great the expired court order has continued legal significance—*e.g., Wornstaff v. Wornstaff,* —— N.C. App. ——, 634 S.E.2d 567 (2006) ("[A] defendant's appeal of an expired domestic violence protective order is not moot because of the stigma that is likely to attach to a person judicially determined to have committed [domestic] abuse and the continued legal significance of an appeal of an expired domestic violence protective order."). Here, the Defendant was under a "no contact order" that has now expired. Surely, we could speculate that any court action *could* be considered by potential employers as well as anyone else. That, however, is not a collateral legal consequence that merits an exception to the doctrine of mootness.

Dismissed.

Judge HUDSON concurs.

Judge Tyson dissents in a separate opinion.

The judges participated and submitted this opinion for filing prior to 1 January 2007.

TYSON, Judge, dissenting.

The majority's opinion erroneously: (1) dismisses Christopher Vonderau's ("defendant") appeal as moot; and, (2) concludes that defendant's appeal, if not moot, is without merit. I vote to reach the merits of defendant's appeal and to reverse the trial court's order. I respectfully dissent.

## I. Background

On 7 March 2005, James Williams ("plaintiff") filed a complaint against defendant for a civil no-contact order for stalking. Plaintiff alleged defendant came to his residence on 15 February 2005 and threatened him with bodily injury. Plaintiff sought a permanent no-contact order. Plaintiff asked the trial court to order defendant to: (1) stop stalking him; (2) cease harassing him; and (3) refrain from entering or remaining present at his residence, school, or place of employment.

On 8 April 2005, a hearing was held at which both parties testified and presented evidence. During the hearing, the trial court expressly stated, "the 'or otherwise harassed' [portion of N.C. Gen. Stat. § 50C-1(6) (2005)], the way it was written, doesn't require the more than one occasion that the stalking does require." The trial court issued a civil no-contact order in plaintiff's favor.

On 18 April 2005, defendant moved for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59. Defendant based his motion, in part, upon plaintiff presenting insufficient evidence to justify entry of the judgment and "the judgment is contrary to the prevailing law." On 8 August 2005, the trial court heard and denied defendant's motion in open court.

Defendant timely appealed the trial court's denial of his motion for a new trial and argues the trial court's interpretation of N.C. Gen.

Stat. § 50C-1 was erroneous as a matter of law. I agree, vote to reverse, and respectfully dissent.

## II. Mootness

The majority's opinion dismisses defendant's appeal as moot on the grounds: (1) the civil no-contact order became effective on 8 April 2005 and expired on 8 April 2006; (2) this case was not heard by this Court until 10 September 2006, five months after the civil no-contact order ceased to be effective; and (3) the record before us contains no information the order has been extended or that plaintiff has sought an extension. I disagree.

This Court has not previously addressed when an appeal from a civil no-contact order for stalking issued pursuant to N.C. Gen. Stat. § 50C-1 is considered moot. We have addressed the issue of whether an appeal from an expired domestic violence protective order issued pursuant to N.C. Gen. Stat. § 50B-1 is moot. This Court stated:

> [W]e note that the domestic violence protective order in this case [has] expired[.] Generally, when an issue is no longer in controversy, the appeal is dismissed as moot. [A]n appeal should be dismissed as moot when . . . the underlying controversy . . . cease[s] to exist. [W]hen the relief sought has been granted or . . . the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law[.] However this Court has held that a defendant's appeal of an expired domestic violence protective order is not moot because of the stigma that is likely to attach to a person judicially determined to have committed [domestic] abuse and the continued legal significance of an appeal of an expired domestic violence protective order. Thus, we address the merits of . . . [the] appeal.

*Wornstaff v. Wornstaff*, 179 N.C. App. 516, 518, 634 S.E.2d 567, 568 (2006) (Wynn, J.) (internal citations and quotations omitted).

This Court has also stated another exception to the mootness doctrine:

> [A] case which is capable of repetition, yet evading review may present an exception to the mootness doctrine.

There are two elements required for the exception to apply: (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.

*Boney Publishers, Inc. v. Burlington City Council,* 151 N.C. App. 651, 654, 566 S.E.2d 701, 703-04, *disc. rev. denied,* 356 N.C. 297, 571 S.E.2d 221 (2002) (internal quotations and citations omitted).

This Court has found a continuing stigma is likely to attach to a person who has been judicially determined to have committed domestic abuse. *Wornstaff,* 179 N.C. App. at 518, 634 S.E.2d at 568. This same stigma is also likely to attach to a person who has been judicially found to have stalked or harassed another. Potential collateral and future consequences exist for a person who has been judicially determined to have stalked another. This Court stated:

[T]here are numerous non-legal collateral consequences to entry of a domestic violence protective order that render expired orders appealable. For example, a Maryland appellate court in addressing an appeal of an expired domestic violence protective order, noted that a person applying for a job, a professional license, a government position, admission to an academic institution, or the like, may be asked about whether he or she has been the subject of a[n] [order].

*Smith v. Smith,* 145 N.C. App. 434, 437, 549 S.E.2d 912, 914 (2001) (internal citation and quotation omitted). The same rationale applies to someone who has been judicially determined to have stalked or harassed by another person. A potential employer or institution may consider whether a protective order has been entered against an applicant in evaluating an applicant's fitness and ability to work in harmony with others. *Id.*

The majority's opinion erroneously dismisses defendant's appeal as moot. A permanent civil no-contact order may not exceed one year in length. N.C. Gen. Stat. § 50C-8(b) (2005). The majority's opinion effectively bars any appellate review of these orders. Based solely upon the time elapsed between entry of the trial court's order and the matter being heard by this Court, appeals from these orders cannot be reviewed under the majority's holding. Because the appeal is not moot, I vote to reach the merits of defendant's appeal.

### III.  Standard of Review

This Court has stated:

The determination of whether to grant or deny a motion pursuant to either Rule 59(a) or Rule 59(e) is addressed to the sound discretion of the trial court. *Where errors of law were committed, . . . the trial court is required to grant a new trial.* While our standard of review under Rule 59(e) is abuse of discretion, *under Rule 59(a)(7) our review is de novo.*

*Young v. Lica,* 156 N.C. App. 301, 304, 576 S.E.2d 421, 423 (2003) (internal citations and quotations omitted) (emphasis supplied); *see Kinsey v. Spann,* 139 N.C. App. 370, 372, 533 S.E.2d 487, 490 (2000) ("Generally, a motion for new trial is addressed to the sound discretion of the trial court, and its ruling will not be disturbed absent a manifest abuse of that discretion. However, where the motion involves a question of law or legal inference, our standard of review is *de novo.*" (internal citations omitted)).

Defendant's motion for a new trial was based upon plaintiff's failure to present sufficient evidence to support the judgment and "the judgment [being] contrary to the prevailing law." N.C. Gen. Stat. § 1A-1, Rule 59(a)(7) provides that a new trial may be granted when there is "insufficie[nt] . . . evidence to justify the verdict or that . . . verdict is contrary to law."

Defendant moved for a new trial pursuant to N.C. Gen. Stat. § 1A-1, Rule 59(a)(7). "[W]e review the trial court's denial of the motion for a new trial under Rule 59(a)(7) under a *de novo* standard." *Young,* 156 N.C. App. at 304, 576 S.E.2d at 423.

### IV.  N.C. Gen. Stat. § 50C, *et. seq.*

Plaintiff filed a complaint against defendant for a civil no-contact order for stalking. Defendant argues the trial court erred on a matter of law when it interpreted N.C. Gen. Stat. § 50C-1(6). Defendant correctly asserts this statute does not allow entry of a civil no-contact order for stalking based upon a single incident of "harassing."

N.C. Gen. Stat. § 50C-1(6) defines stalking as:

*Following on more than one occasion or otherwise harassing, as defined in G.S. 14-277.3(c),* another person without legal purpose with the intent to do any of the following:

a. Place the person in reasonable fear either for the person's safety or the safety of the person's immediate family or close personal associates.

b. Cause that person to suffer substantial emotional distress by placing that person in fear of death, bodily injury, or continued harassment and that in fact causes that person substantial emotional distress.

(Emphasis supplied). This Court has not previously interpreted N.C. Gen. Stat. § 50C-1(6), which became effective on 1 December 2004. However, N.C. Gen. Stat. § 14-277.3(c) is specifically referred to in N.C. Gen. Stat. § 50C-1(6), which incorporates the definition of criminal stalking by reference. We have interpreted and applied N.C. Gen. Stat. § 14-277.3(c) in previous cases.

N.C. Gen. Stat. § 14-277.3 (2005) states "a person commits the [criminal] offense of stalking if the person wilfully *on more than one occasion* follows or is in the presence of, or otherwise harasses another person." (Emphasis supplied). Prior precedent interpreting N.C. Gen. Stat. § 14-277.3 holds that the "on more than one occasion" language applies to the "otherwise harasses" language of the statute.

In *State v. Watson*, this court upheld a stalking conviction when the defendant became "very clingly and possessive," called the victim *multiple times*, and accused the victim of making sexual advances toward her. 169 N.C. App. 331, 338, 610 S.E.2d 472, 477 (2005) (emphasis supplied). This Court held, "it is clear the General Assembly intended to prevent a person from willfully stalking another *at more than one particular time*." *Id.* (emphasis supplied).

In *State v. Thompson*, this Court upheld a stalking conviction and concluded "there was sufficient evidence from which the jury could find that defendant followed or was in the presence of [the victim] *on more than one occasion* without legal purpose and with the intent to cause her emotional distress by placing her in fear of death or bodily injury." 157 N.C. App. 638, 643-44, 580 S.E.2d 9, 13, *disc. rev. denied*, 357 N.C. 469, 587 S.E.2d 72 (2003) (emphasis supplied).

During the hearing on 8 August 2005, the trial court expressly stated, "the 'or otherwise harassed' [portion of N.C. Gen. Stat. § 50C-1(6)], . . . , doesn't (sic) require the more than one occasion that the stalking does require." Defendant correctly argues the "on more than one occasion" language of N.C. Gen. Stat. § 50C-1(6) applies to the stalking language of the statute and to the "otherwise

harassing as defined in G.S. § 14-277.3(c)" portion of the statute. The trial court's entry of order is based upon a single act and is a misapprehension of law.

The trial court's interpretation of N.C. Gen. Stat. § 50C-1 was erroneous as a matter of law. *See Young*, 156 N.C. App. at 304, 576 S.E.2d at 423 ("Where errors of law [are] committed, . . . the trial court is required to grant a new trial."). I vote to reverse the trial court's order denying defendant's motion and remand for a new trial.

## IV. Conclusion

A defendant's appeal of an expired civil no-contact order for stalking is not moot because the issue before us "is capable of repetition, yet evad[es] review," *Boney Publishers, Inc.*, 151 N.C. App. at 654, 566 S.E.2d at 703, and because of the continuing stigma that is likely to attach to a person judicially determined to have stalked another, *Wornstaff*, 179 N.C. App. at 518, 634 S.E.2d at 568. The statute expressly limits the duration of these orders "for a fixed period of time not to exceed one year." N.C. Gen. Stat. § 50C-8(b).

Under *de novo* review, the trial court erred as a matter of law when it interpreted N.C. Gen. Stat. § 50C-1(6) to justify issuance of a permanent no-contact order based upon a single incident of "harassing." The trial court's order is based upon a misapprehension of law. I vote to reverse the trial court's order denying defendant's motion and remand for a new trial. I respectfully dissent.