CITY OF BURLINGTON, A MUNICIPAL CORPORATION, PLAINTIFF V. BONEY PUBLISHERS, INC., D/B/A *THE ALAMANCE NEWS*, DEFENDANT

No. COA03-904

(Filed 7 September 2004)

**1. Appeal and Error— appealability—interlocutory order— improper Rule 54 certification—writ of certiorari**

Although the trial court erred by granting a Rule 54 certification of a 20 November 2002 order when it was not a final judgment as to any of the claims or counterclaims presented by the parties, the Court of Appeals granted defendant's subsequent petition for writ of certiorari to review the 20 November 2002 order.

**2. Open Meetings; Public Records— government entity filing for declaratory judgment—openness in daily workings of public bodies**

Plaintiff city did not have a right under the Public Records Act or the Open Meetings Law to initiate a declaratory judgment action to determine whether the city was in compliance with the Open Meetings and Public Records laws, because allowing a governmental agency to bring a declaratory judgment action against someone who has not initiated litigation will have a chilling effect on members of the public by requiring them to defend civil actions they otherwise might not have commenced, thus frustrating the legislature's purpose of furthering the fundamental right of every person to have prompt access to information in the possession of public agencies.

On writ of certiorari to review order filed 20 November 2002 by Judge James C. Spencer, Jr. in Alamance County Superior Court. Heard in the Court of Appeals 31 March 2004.

CITY OF BURLINGTON v. BONEY PUBLISHERS, INC.

[166 N.C. App. 186 (2004)]

*City Attorney Robert M. Ward; and Thomas, Ferguson & Mullins, L.L.P., by Jay H. Ferguson, for plaintiff-appellee.*

*Everett, Gaskins, Hancock & Stevens, L.L.P., by C. Amanda Martin, for defendant-appellant.*

BRYANT, Judge.

Boney Publishers, Inc. d/b/a *The Alamance News* (defendant) appeals an order filed 20 November 2002 denying defendant's motion for partial summary judgment and declaring that the City of Burlington (plaintiff) was not constitutionally or statutorily barred from bringing a declaratory judgment action to determine whether the City was in compliance with North Carolina's open meetings and public records laws.

On 15 July 2002, the Burlington City Council (Council) met for a work session. A motion was made pursuant to N.C. Gen. Stat. § 143-318.11(a) and approved to hold a closed session allowing the Council to discuss potential and pending litigation. Jay Ashley, reporter for *The Alamance News*, and another reporter from a different organization left the meeting. Those remaining in the meeting included Council members, the city clerk, city attorney Robert Ward, private attorney Reginald Gillespie (who had been retained to represent the City in five pending lawsuits discussed during the closed session), and Alamance County Area Chamber of Commerce president Sonny Wilburn. Wilburn was present for part of the closed session in order to advise the Council and the attorneys on issues of land valuation and marketability, as these issues related to possible settlement of the pending lawsuits. The Council met for approximately 90 minutes with Wilburn present and approximately 15 minutes outside of Wilburn's presence. Wilburn left the meeting during a break. During the break, Ashley asked Ward to explain why Wilburn had been allowed to be present in a meeting called pursuant to attorney-client privilege. In his response, Ward explained that outside parties are permitted to participate in closed sessions when there is a logical reason to include them in the meeting. Ward said he relied on a guidebook published by the Institute of Government for his position on the issue.

On 30 July 2002, Tom Boney, publisher of *The Alamance News*, attended an open meeting of the Council, where he voiced his objection to Wilburn's presence in the 15 July 2002 closed session, arguing Wilburn's presence destroyed the attorney-client privilege and ren-

CITY OF BURLINGTON v. BONEY PUBLISHERS, INC.

[166 N.C. App. 186 (2004)]

dered the purpose of the meeting void. Boney contended that the closed session was illegal and requested access to the closed session minutes. Ward responded that the closed session was held in accordance with state law. Boney was not given a copy of the minutes of the closed session.

On 14 August 2002, Boney delivered a letter to Ward, the city manager, the city clerk, and to each Council member. In his letter, Boney again stated he believed the attorney-client privilege had been destroyed by Wilburn's presence and the meeting had been improperly convened pursuant to N.C. Gen. Stat. § 143-318.11(a)(3). Boney demanded the closed session minutes and stated his willingness to pursue legal action to compel the City's compliance. Responding to Boney's letter, Ward repeated his position that outside individuals may be included in a closed session if there is a logical reason for them to be present. Ward did not articulate what logical reason justified Wilburn's presence, but provided Boney with citations to two cases: one from South Carolina and one from Texas in support of his position.

On 19 August 2002, Boney sent a second letter again requesting the minutes of the closed session. The following day (20 August 2002), Boney appeared at another Council meeting to request access to the closed session minutes. On 21 August 2002, via a letter signed by Ward, the city manager, and the city clerk, Ward responded that certain individuals had been requested to attend the closed session, and the presence of those individuals was essential in order to accomplish the purposes of the closed session. The letter also stated that the minutes would be withheld pursuant to N.C. Gen. Stat. § 143-318.10(e), until such time as public inspection would not frustrate the purpose of the closed session.

On 22 August 2002, the City initiated a declaratory judgment action against defendant in order to resolve the conflict between the City and defendant. Defendant counterclaimed. This matter came for hearing at the 16 September 2002 civil session of Alamance County Superior Court with the Honorable James C. Spencer, Jr. presiding. The superior court framed the issue as follows:

> Did the presence of a third party at the July 15, 2002 closed meeting of the Burlington City Council vitiate the asserted attorney-client privilege {N.C.G.S. 143-318.11(a)(3)} and thereby result in a violation of the North Carolina Open Meetings Law?

**CITY OF BURLINGTON v. BONEY PUBLISHERS, INC.**

[166 N.C. App. 186 (2004)]

By order filed 25 September 2002, the superior court found that Wilburn was an agent of the City; Wilburn was present at the meeting for the purpose of facilitating the rendition of legal services; and everyone present understood the confidential nature of the closed meeting. The court concluded that the City acted properly in holding the closed session and in withholding the minutes. Defendant did not appeal from this ruling nor assign error to any portion of this order.

Defendant thereafter filed a motion for partial summary judgment "with respect to the declaratory judgment claim instituted by the plaintiff." This matter came for hearing at the 4 November 2002 civil session of Alamance County Superior Court before Judge Spencer. The court framed the issue as follows:

> Was it constitutionally and statutorily permissible for the plaintiff, City of Burlington, to initiate a declaratory judgment action against the defendant, The Alamance News, seeking a determination of the [C]ity's rights and obligations with respect to a dispute which had arisen between the plaintiff and the defendant as to whether the City was in or out of compliance with the North Carolina Open Meetings Law and Public Records Law?

By order filed 20 November 2002, the court concluded there was no constitutional or statutory bar to plaintiff's initiation of a declaratory judgment action seeking a determination of the City's rights and obligations with respect to whether the City was in compliance with the North Carolina Open Meetings Law and Public Records Law, and concluded defendant's motion should be denied. Defendant filed notice of appeal on 20 December 2002 from the 20 November 2002 order. The superior court granted Rule 54 certification on 21 January 2003. On 16 May 2003, this Court granted defendant's petition for writ of certiorari to review the 20 November 2002 order.

*Interlocutory appeal*

[1] A judgment is either interlocutory or a final determination of the rights of parties. N.C.G.S. § 1A-1, Rule 54(a) (2003); *see Veazey v. Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950). An order is interlocutory if it is entered during the pendency of an action and does not dispose of the case, but requires further action by the trial court to finally determine the rights of all the parties involved in the controversy. *Veazey*, 231 N.C. at 362, 57 S.E.2d at 381. Generally, there

is no right to appeal from an interlocutory order. *See* N.C.G.S. § 1A-1, Rule 54(b) (2003). Our courts, however, have recognized two avenues for appealing interlocutory orders.

Under Rule 54(b), when multiple claims are involved in an action and the court enters a final judgment that adjudicates one or more of the claims, such judgment, although interlocutory in nature, may be appealed if the trial judge certifies that there is no just reason for delay. N.C.G.S. § 1A-1, Rule 54(b); *see Hoots v. Pryor*, 106 N.C. App. 397, 401, 417 S.E.2d 269, 272 (1992). In this case, the trial court certified the denial of partial summary judgment as immediately appealable pursuant to Rule 54(b); however, such certification is not dispositive when the order appealed from is interlocutory. *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998).

In the instant case, the trial court entered two separate orders. The first order, filed 25 September 2002, decreed:

1. The oral motion of the defendant, made at the September 16, 2002 hearing, for defendant's attorneys to be granted access to the minutes of the July 15, 2002 closed meeting of the Burlington City Council is DENIED;

2. The July 15, 2002 closed meeting of the Burlington City Council was, and is declared to have been, held in compliance with the requirements of the North Carolina Open Meetings Law;

3. The actions of the City of Burlington in denying, at the present time, access to the minutes of the July 15, 2002 closed meeting of the Burlington City Council are, and are declared to be, in compliance with the requirements of the North Carolina Public Records Law and Open Meetings Law;

4. The prayer of defendant for injunctive relief arising out of the conduct of the City of Burlington surrounding the July 15, 2002 closed meeting of the Burlington City Council is DENIED;

5. **Inasmuch as there are claims in defendant's Counterclaim not addressed at the September 16, 2002 hearing, the matter is retained for further pro-**

**ceedings, including any determination respecting costs and attorney fees.**

(emphasis added). Defendant <u>did not</u> appeal from this order.

Concerning the 20 November 2002 order from which defendant <u>did</u> appeal, the only issue before the superior court was whether:

> it [was] constitutionally and statutorily permissible for the plaintiff, City of Burlington, to initiate a declaratory judgment action against the defendant, <u>The Alamance News</u>, seeking a determination of the [C]ity's rights and obligations with respect to a dispute which had arisen between the plaintiff and the defendant as to whether the City was in or out of compliance with the North Carolina Open Meetings Law and Public Records Law?

Our review of the complaint and counterclaims reveal that the 20 November 2002 order was not a final judgment as to any of the claims or counterclaims presented by the parties. Therefore, Rule 54 certification was not properly granted as to the 20 November 2002 order. However, on 16 May 2003, this Court granted defendant's subsequent petition for writ of certiorari to review the 20 November 2002 order.

---

[2] The issue on appeal is whether the Public Records Act and Open Meetings Act were designed to allow a government entity to file for declaratory judgment.

### Public Records Act

In *McCormick v. Hanson Aggregates Southeast, Inc.*, 164 N.C. App. 459, 596 S.E.2d 431 (2004),[1] this Court addressed the issue of whether a governmental entity could file a declaratory action. *McCormick*, 164 N.C. App. at 463, 596 S.E.2d at 434 (quoting N.C.G.S. § 132-9(a) (2003)) (" '[a]ny person who is denied access to public records for purposes of inspection and examination, or who is denied copies of public records, may apply to the appropriate division of the General Court of Justice for an order compelling disclosure or copying' "). The *McCormick* Court concluded:

> The North Carolina Public Records Act clearly gives the public a right to access records compiled by government agencies. *See News and Observer Publ'g Co. v. Poole*, 330 N.C. 465, 475, 412 S.E.2d 7, 13 (1992) (" 'the legislature intended to provide that, as

---

1. Plaintiff's motion for a temporary stay was allowed by our Supreme Court on 21 June 2004.

a general rule, the public would have liberal access to public records' ") (quoting *News and Observer v. State*, 312 N.C. 276, 281, 322 S.E.2d 133, 137 (1984)); N.C.G.S. § 132-1(b) (2003) (the public records compiled by the agencies of North Carolina government "are the property of the people"). "The Public Records Act permits public access to all public records in an agency's possession 'unless either the agency or the record is specifically exempted from the statute's mandate.' " *Gannett Pacific Corp. v. N.C. State Bureau of Investigation*, 164 N.C. App. 154, 156, 595 S.E.2d 162, 164, 2004 N.C. App. LEXIS 693, at *3-4 (2004) (citing *Times-News Publishing Co. v. State of North Carolina*, 124 N.C. App. 175, 177, 474 S.E.2d 450, 452 (1996)). Further, the Public Records Act does not appear to allow a government entity to bring a declaratory judgment action; only the person making the public records request is entitled to initiate judicial action to seek enforcement of its request.

*McCormick*, 164 N.C. App. at 463-64, 596 S.E.2d at 434. The *McCormick* Court held, "based on the Public Records Act and the policy consideration for disclosure under the act . . . the use of a declaratory judgment action in the instant case was improper." *McCormick*, 164 N.C. App. at 464, 596 S.E.2d at 434. Likewise, we hold use of a declaratory judgment action under the Public Records Act was improper in the instant case.

### Open Meetings Act

Generally, "[i]t is the policy of this State, as announced by the General Assembly, to conduct the public's business in public." *Boney v. Burlington City Council*, 151 N.C. App. 651, 657-58, 566 S.E.2d 701, 705-06 (2001) ("The purpose of the Open Meetings Law is 'to promote openness in the daily workings of public bodies.' " (citation omitted)); N.C.G.S. § 143-318.9 (2003) ("Whereas the public bodies that administer the legislative, policy-making, quasi-judicial, administrative, and advisory functions of North Carolina and its political subdivisions exist solely to conduct the people's business, it is the public policy of North Carolina that the hearings, deliberations, and actions of these bodies be conducted openly.").

Under certain circumstances, a public body may hold a closed meeting, N.C.G.S. § 143-318.11 (2003); however, the body is required to "keep a general account of the closed session so that a person not in attendance would have a reasonable understanding of what transpired," N.C.G.S. § 143-318.10(e) (2003). "Such minutes and

accounts shall be public records within the meaning of the Public Records Law, G.S. 132-1 et seq.; provided, however, that minutes or an account of a closed session conducted in compliance with G.S. 143-318.11 may be withheld from public inspection so long as public inspection would frustrate the purpose of a closed session." N.C.G.S. § 143-318.10(e) (2003).

Uniform with the Public Records Act, the Open Meetings Act does not appear to allow a government entity to bring a declaratory judgment action; only a person seeking a declaration that an action of a public body was in violation of the Open Meetings Act is entitled to initiate judicial action to seek enforcement of its request. *See* N.C.G.S. § 143-318.16 (2003) ("Any person may bring an action in the appropriate division of the General Court of Justice seeking such an injunction; and the plaintiff need not allege or prove special damage different from that suffered by the public at large."); N.C.G.S. § 143-318.16A(a) (2003) ("Any person may institute a suit in the superior court requesting the entry of a judgment declaring that any action of a public body was taken, considered, discussed, or deliberated in violation of this Article. . . . Any person may seek such a declaratory judgment, and the plaintiff need not allege or prove special damage different from that suffered by the public at large."); *Eggimann v. Wake County Bd. of Educ.*, 22 N.C. App. 459, 463, 206 S.E.2d 754, 757 (1974) (stating that the "provisions of former G.S. 143-318.6 [now G.S. § 143-318.16] were intended to apply only to a situation where a citizen has been refused access to a meeting required to be open").

Likewise, the same consideration we noted in our opinion in *McCormick* as to the propriety of a government agency bringing a declaratory judgment action as to public records, applies in the instant case to a government agency bringing a declaratory judgment action as to open meetings. Allowing a governmental agency to bring a declaratory judgment action against someone who has not initiated litigation will have a chilling effect on the public, in essence eliminating the protection offered them under the statute by requiring them " 'to defend civil actions they otherwise might not have commenced, . . . thus frustrating the Legislature's purpose of furthering the fundamental right of every person . . . to have prompt access to information in the possession of public agencies.' " *McCormick*, 164 N.C. App. at 463, 596 S.E.2d at 434 (2004) (quoting *Filarsky v. Superior Court*, 28 Cal. 4th 419, 423, 121 Cal. Rptr. 2d 844, 845, 49 P.3d 194, 195 (2002)).

**IN RE APPEAL OF PAVILLON INT'L**

[166 N.C. App. 194 (2004)]

Based on the purpose of promoting " 'openness in the daily work-ings of public bodies,' " *Boney,* 151 N.C. App. at 658, 566 S.E.2d at 706 (citation omitted), and the policy consideration for disclosure under the act, it was error for the trial court to allow a public body to file a declaratory judgment action in the instant case.

Reversed.

Judges McCULLOUGH and ELMORE concur.