WOMACK NEWSPAPERS, INC., D/B/A *THE OUTER BANKS SENTINEL*, PLAINTIFF V. THE TOWN OF KITTY HAWK THROUGH THE KITTY HAWK TOWN COUNCIL; WILLIAM A. HARRIS IN HIS CAPACITY AS MAYOR; DOUG SEAY, IN HIS CAPACITY AS MAYOR PRO TEMPORE; ERVIN BATEMAN, CLIFTON PERRY AND DONNA TRIVETTE, IN THEIR CAPACITIES AS MEMBERS OF THE TOWN COUNCIL; GARY McGEE AND INNOVATIVE MANAGEMENT SERVICES, LLC, IN THEIR CAPACITY AS TOWN MANAGER; AND NORMAN W. SHEARIN, JR., DANIEL D. KHOURY AND VANDEVENTER BLACK LLP, IN THEIR CAPACITY AS TOWN ATTORNEYS, DEFENDANTS

No. COA05-1650

(Filed 2 January 2007)

**1. Appeal and Error— mootness—public records voluntarily furnished during appeal**

A portion of an appeal was moot where Town records that plaintiffs had sought under the Public Records Act were released voluntarily after appeal was taken following litigation. Although the records were released pursuant to a Town resolution stating that they were not public records, the precise relief sought by plaintiff in its complaint was granted. Exceptions to the mootness doctrine do not apply, and deciding whether the records sought were in fact public records would amount to an advisory opinion.

**2. Appeal and Error— assignments of error—insufficiency**

Defendants' assignments of error to the signing and entry of orders were dismissed as insufficient even though defendants contended that the legal bases for these assignments of error was stated earlier, that further elaboration would have added nothing,

1

and that plaintiff and the court were on notice of the issues on appeal. N.C. R. App. P. 10 (c)(1).

### 3. Public Records— documents held by law firm rather than town—Public Records Act applicable

Records concerning engineering, surveying, and other professional services rendered to defendant Town in connection with oceanfront condemnation litigation were public records even though they were not held by the Town. The Town paid for the records and they were made or received in connection with the transaction of public business. The law firm holding the records was duly appointed as the Town's attorney and was a public officer of the Town subject to the Public Records Act in its dealings with the Town.

### 4. Public Records— writ of mandamus for release—appropriateness

The trial court did not err by refusing to dismiss a petition for a writ of mandamus for the release of certain Town records. Although defendants argued that the records were not public records and that releasing them was in the Town's discretion, so that a writ of mandamus was not appropriate, the records are in fact public records subject to disclosure.

### 5. Pleadings— motion to strike allegations—Public Records Act compliance—relevant and material

The trial court did not err by not striking allegations in an amended complaint that sought public records where defendant contended that the allegations contradicted or were not supported by the Town records, but the allegations questioned the Town's compliance with the Public Records Act and not the accuracy of the records. N.C.G.S. § 1A-1, Rule 12(f).

### 6. Public Records— reporter who made initial request and town clerk not necessary parties

The trial court did not err by refusing to dismiss a public records complaint for lack of standing and failure to join necessary parties where the action was not brought by the reporter who made the initial request and the Town clerk was not named as a defendant. The requests for the records were made on behalf of plaintiff newspaper, and all of the responsible Town officials were included.

WOMACK NEWSPAPERS, INC. v. TOWN OF KITTY HAWK

[181 N.C. App. 1 (2007)]

Appeal by defendants from orders entered 7 April 2005, 2 May 2005 and 2 June 2005 by Judge J. Richard Parker in Dare County Superior Court. Heard in the Court of Appeals 13 September 2006.

*Everett, Gaskins, Hancock & Stevens, LLP by Hugh Stevens and Michael J. Tadych, for plaintiff-appellee.*

*Vandeventer Black LLP, by David P. Ferrell and Allison A. Holmes, for defendant-appellants.*

JACKSON, Judge.

The Town of Kitty Hawk, North Carolina ("Town"), is a municipal corporation organized and existing pursuant to North Carolina General Statutes Chapter 160A. The law firm of Vandeventer Black LLP was duly appointed and served as the Town Attorney, pursuant to an agreement entered into between defendant Town and the firm on 19 April 2002 and section 160A-173. Womack Newspapers, Inc. ("plaintiff"), publishes and does business as *The Outer Banks Sentinel* ("*The Sentinel*"), a bi-weekly newspaper published in Dare County, North Carolina.

On 13 May 2004, Angela Perez, a reporter for *The Sentinel*, made a request to the Town pursuant to the Public Records Act, seeking to inspect and copy all of the detailed billing statements from the Town Attorney for legal fees incurred during fiscal years 2003-2004. The Town denied the request on the grounds that the documents were not "public records" as that term is defined by our state's Public Records Act, found in North Carolina General Statutes, section 132-1 *et seq.* The Town contended the documents contained privileged communications between the Town and its attorney, and therefore were exempt from the Public Records Act pursuant to section 132-1.1. The Town provided summaries of the detailed billing statements which included the general nature of each matter handled by the Town Attorney along with the amount of fees paid by the Town on each matter.

Following meetings with various Town officials, on 8 June 2004, the editor of *The Sentinel* wrote a letter to the Kitty Hawk Town Council ("Council") requesting that the Council authorize the release of redacted copies of the billing statements. The editor noted in her letter that only the Council could waive the Town's attorney-client privilege, which would be necessary before even redacted copies of the billing statements could be released.

A special meeting of the Council was called on 17 June 2004, to consider *The Sentinel's* request to obtain redacted copies of the billing statements sent to the Town by the Town Attorney. The Town Attorney recommended the Council waive the attorney-client privilege in all respects with the exception of billing statements for ongoing litigation and billing statements related to claims which were unresolved and might result in future litigation for the Town. During closed session, the Council voted to waive the Town's attorney-client privilege as to written communications from the Town Attorney regarding the requested billing statements, except for billing statements related to litigation.

Redacted copies of the detailed billing statements from the Town Attorney for fiscal year 2003-2004 subsequently were made available to the public. *The Sentinel* obtained copies of the redacted billing statements, and then contended that the copies contained far more redaction and obliteration than the Council's vote directed. On 13 July 2004, *The Sentinel's* editor wrote to members of the Council, notifying them that the billing statements had been redacted to a far greater extent than was directed, and requesting that the Council instruct the Town Manager to release the records in a manner consistent with the Council's 17 June 2004 vote. The Town's Mayor denied *The Sentinel's* request stating that the Council's vote did not authorize the release of privileged communications between the Town and Town Attorney, and that releasing the documents as requested by *The Sentinel* would compromise the Town's ability to prosecute and defend present and future claims.

On 11 August 2004, plaintiff filed a complaint and petition for writ of mandamus, seeking that the trial court order the Town to provide access to, and copies of, the detailed billing records of the Town Attorney for fiscal year 2003-2004, except for those portions as to which the Town asserts its attorney-client privilege in connection with two specific ongoing cases. *The Sentinel* also sought an order declaring that the requested records were in fact public records as a matter of law. In the alternative, *The Sentinel* asked the trial court to order the Town to submit complete and unredacted copies of all detailed billing statements from the Town Attorney for fiscal year 2003-2004 for an *in camera* review for a determination as to whether the attorney-client privilege asserted by the Town was well founded. Plaintiff filed an amended complaint on 10 November 2004, adding a request that the trial court also order the Town to "provide access to and copies of all checks, contracts and/or supporting invoices for

WOMACK NEWSPAPERS, INC. v. TOWN OF KITTY HAWK

[181 N.C. App. 1 (2007)]

land purchases, appraisal, demolition, engineering, surveying and other 'Technical Assistance' performed for the Town or on the Town's behalf in conjunction with the Town's oceanfront condemnations."

Defendants filed motions seeking to transfer the action to the superior court division and to dismiss the action based upon a lack of subject matter and personal jurisdiction over defendants. Defendants alleged that the confidential information sought by plaintiff constituted written communications to the Town from its attorney regarding claims, and as such, the information was not a public record as defined by North Carolina General Statutes, section 132-1. Defendants argued that sovereign immunity barred plaintiff's claims. Defendants also filed motions seeking to strike portions of plaintiff's complaint, dismiss the petition for a writ of mandamus based upon Rule 12(b)(6) of our Rules of Civil Procedure, and dismiss the action for failure to join necessary parties and a lack of standing. Plaintiff's action was transferred to Dare County Superior Court on 21 December 2004. Defendants also filed several motions seeking to quash subpoenas which were served upon various Town officials.

In an order entered 7 April 2005, defendants' various motions were denied and defendants were ordered to present the following records for *in camera review* and inspection:

a. Complete and unredacted detailed billing records provided to the Town of Kitty Hawk by [the Town Attorney] for Fiscal Year 2003-2004.

b. Complete and unredacted copies of all checks and supporting invoices for land purchases, engineering and surveying related to the oceanfront and other land condemnations.

c. Complete and unredacted copies of any checks written to Town Attorneys for items and expenses which are not included on their legal billings during the fiscal years indicated above.

d. Complete and unredacted copies of all contracts and other arrangements by the Town of Kitty Hawk or on its behalf with:

    1. Quible & Associates, P.C.;

    2. Bourne Appraisal Service;

    3. Barnette Integrated Land Services d/b/a/ BILD;

    4. Green Acres Land Development; and/or

    5. Any other firms or individuals who have rendered services connected with the Town of Kitty Hawk's oceanfront and land condemnations since June 1, 2003.

Defendants gave notice of their appeal from the trial court's 7 April 2005 order and filed a motion seeking to stay the submission of the documents for *in camera* review pending the appeal. However, defendants' notice of appeal was dismissed in an order filed 2 May 2005, on the basis that the order denying defendants' motions was not appealable, and that an attempt to appeal from a nonappealable order was a nullity. Defendants then filed their answer on 25 April 2005, and asserted various counterclaims including a declaration from the trial court as to the rights and obligations of the parties, along with an order enjoining plaintiff from continuing its attempts to obtain and misuse confidential information of defendants.

After reviewing the disputed documents *in camera*, the trial court entered its order on 2 June 2005. The trial court held that the records made or received by the Town Attorney, including but not limited to invoices and bills presented to the Town, were presumptively public records as defined by our state's Public Records Act, found in section 132-1 *et seq*. The trial court held that "[s]ubstantive communications from the Town Attorneys to the Town concerning a claim against or on behalf of the Town, or concerning the prosecution, defense, possible settlement or litigation of a judicial action are not public records if they are within the scope of the attorney-client privilege." Defendants were ordered to produce, without redaction, all billing records from the Town Attorney to the Town for fiscal year 2003-2004, with the exception of specific entries which the trial court found were subject to the attorney-client privilege. The trial court also ordered that all contracts made on behalf of the Town related to the oceanfront condemnation cases are public records, and that copies of the contracts must be produced in their entirety, with the exception of one specific document. Defendants were ordered to provide immediate public access to the public records described in the order, with the exception of those documents specifically identified as confidential.

Plaintiff filed a motion seeking to dismiss several of defendants' counterclaims, strike portions of defendants' answer and counterclaims, and order sanctions imposed against defendants. Defendants filed their Notice of Appeal on 7 June 2005, appealing from the trial court's orders entered 7 April 2005, 2 May 2005, and 2 June 2005. Plaintiff subsequently filed a motion to dismiss defendants' 7 June

WOMACK NEWSPAPERS, INC. v. TOWN OF KITTY HAWK

[181 N.C. App. 1 (2007)]

2005 Notice of Appeal and sought enforcement of the trial court's 2 June 2005 order. Defendants voluntarily dismissed without prejudice all of their counterclaims on 27 June 2005. On 7 July 2005, the trial court entered an order granting defendants' motion to stay the 2 June 2005 order and other pre-trial proceedings in the case pending defendants' appeal.

On appeal, defendants present four arguments: (1) the trial court erred in finding the detailed billing statements were "presumptively" public records as defined by the Public Records Act; (2) the trial court erred in finding that the contracts were public records as defined by the Public Records Act; (3) the trial court erred in finding that it had subject matter and personal jurisdiction pursuant to the Public Records Act when it ordered defendants to disclose the documents; and (4) the trial court erred in denying defendants' motions to dismiss and strike plaintiff's complaint.

[1] Before addressing the substance of defendants' appeal, we must first address plaintiff's motions to partially dismiss defendants' appeal and plaintiff's motion to dismiss several of defendants' assignments of error for failure to state a legal basis, pursuant to Rule 10(c)(1) of our appellate rules.

On 13 February 2006, plaintiff filed a motion with this Court seeking to partially dismiss defendants' appeal as moot. The basis for plaintiff's motion stems from events occurring after the entry of the 2 June 2005 order and defendants' giving notice of their appeal. On 9 January 2006, the Kitty Hawk Town Council unanimously passed a resolution approving the release of "[u]nredacted copies of all statements for services rendered by the Town Attorney to the Town" for fiscal years 2003-2004 and 2004-2005. Plaintiffs contend that by releasing the disputed documents, unredacted, that defendants have caused their appeal to become moot. On appeal, the primary issue of defendants' argument is that the attorney billing records, in their unredacted state, are not public records subject to disclosure through the Public Records Act. Plaintiff therefore contends that defendants' assignments of error which relate to the trial court's order that defendants release the unredacted billing records should be dismissed as moot.

Defendants counter plaintiff's motion by arguing that while the detailed billing statements were released, they were not released as public records, and thus the issues raised by their appeal are not moot. Defendants argue that they have never treated the billing state-

ments as public records which are subject to the Public Records Act. Defendants also contend this appeal falls within several of the exceptions to mootness, including the exception that the issues presented are "capable of repetition, yet evading review." We disagree.

Our courts long have held that

"Whenever, during the course of litigation it develops that the relief sought has been granted or that the questions originally in controversy between the parties are no longer at issue, the case should be dismissed, for courts will not entertain or proceed with a cause merely to determine abstract propositions of law. . . .

Unlike the question of jurisdiction, the issue of mootness is not determined solely by examining facts in existence at the commencement of the action. If the issues before a court or administrative body become moot at any time during the course of the proceedings, the usual response should be to dismiss the action."

*Pearson v. Martin*, 319 N.C. 449, 451, 355 S.E.2d 496, 497 (1987) (quoting *In re Peoples*, 296 N.C. 109, 147-48, 250 S.E.2d 890, 912 (1978), *cert. denied*, 442 U.S. 929, 61 L. Ed. 2d 297 (1979)). In the instant case, plaintiff sought the release of copies of the unredacted billing statements provided to the Town by the Town Attorney for fiscal year 2003-2004. These documents presented are precisely what the Council released pursuant to the resolution it passed 9 January 2006. Although the resolution specifically stated that the subject communications were "not public records under the Public Records Act," the relief sought by plaintiff nonetheless was granted. The fact that defendants did not release the unredacted billing statements as "public records" is simply a matter of form over substance, and this does not change the fact that plaintiff has been granted the precise relief sought in its complaint.

Defendants contend that several of the exceptions to the doctrine of mootness apply in the instant case, and therefore we should address the merits of their appeal.[1] Defendants' arguments regarding

---

1. Defendants contend the instant case involves an issue which is "capable of repetition, yet evading review." *See Boney Publishers, Inc. v. Burlington City Council*, 151 N.C. App. 651, 654, 566 S.E.2d 701, 703, *disc. review denied*, 356 N.C. 297, 571 S.E.2d 221 (2002). Defendants also contend that the instant case involves a question that is a matter of public interest and that there are adverse collateral legal consequences which may arise if the case is not heard, and that as such, this Court should address the appeal. *See Matthews v. Dept. of Transportation*, 35 N.C. App. 768, 770, 242 S.E.2d 653, 654 (1978) ("matter of public interest" exception); *In re Hatley*, 291 N.C. 693, 694, 231 S.E.2d 633, 634 (1977) (adverse collateral consequences exception).

the applicability of the exceptions to mootness are not persuasive. Further, we are bound by this Court's prior holding in *N.C. Press Assoc., Inc. v. Spangler*, 87 N.C. App. 169, 360 S.E.2d 138 (1987). In *Press Association*, the primary issue was whether reports submitted by chancellors of several of our state's public universities were public records and therefore subject to disclosure pursuant to our Public Records Act. During the pendency of the appeal with this Court, the defendant in *Press Association* publically disclosed the reports which were the subject of the appeal. This Court held that the appeal therefore was moot because the question which originally was in controversy was no longer at issue. *Id.* at 171, 360 S.E.2d at 139. "Where a panel of the Court of Appeals has decided the same issue, albeit in a different case, a subsequent panel of the same court is bound by that precedent, unless it has been overturned by a higher court." *In the Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Therefore, as *Press Association* has not been overturned by a higher court, we are bound to follow its precedent.

Were we to reverse the trial court's order with respect to the unredacted detailed billing statements, the reversal would have no effect as the records already have been released. *See In re J.A.G.*, 172 N.C. App. 708, 712, 617 S.E.2d 325, 329 (2005) (quoting *Roberts v. Madison County Realtors Assn.*, 344 N.C. 394, 398-99, 474 S.E.2d 783, 787 (1996)) (" '[a] case is 'moot' when a determination is sought on a matter which, when rendered, cannot have any practical effect on the existing controversy.' "). The issues presented by defendants' appeal also are not "capable of repetition, yet evading review" in that, were a situation similar to this one to occur again, there are legal remedies available to address the issue raised by this appeal. A town or other municipality placed in the same position as defendants could simply refrain from releasing the disputed documents, thereby preventing the issue from becoming moot.

Further, the Town asks this Court to make a determination as to whether or not the detailed billing statements are in fact public records subject to disclosure pursuant to the Public Records Act. Deciding this issue would amount to an unnecessary advisory opinion, and this Court does not issue advisory opinions. *See Wise v. Harrington Grove Cmty. Ass'n*, 357 N.C. 396, 408, 584 S.E.2d 731, 740, *reh'g denied*, 357 N.C. 582, 588 S.E.2d 891 (2003); *City of Greensboro v. Wall*, 247 N.C. 516, 519, 101 S.E.2d 413, 416 (1958); *Carolinas Med. Ctr. v. Employers & Carriers Listed in Exhibit A*, 172 N.C. App. 549, 554, 616 S.E.2d 588, 591 (2005).

Therefore, the portion of defendants' appeal with respect to the trial court's order that defendants release unredacted copies of the detailed billing statements is dismissed as moot.

[2] We next address plaintiff's motion to dismiss several of defendants' assignments of error for failure to comply with Rule 10(c)(1) of our appellate rules. Appellate Rule 10(c)(1) provides that an appellant must "state plainly, concisely and without argumentation the legal basis upon which error is assigned." N.C. R. App. P. 10(c)(1) (2006). Plaintiff contends defendants' assignments of error numbers nine through twelve fail to state the legal basis upon with the error is assigned. Defendants' assignments of error read:

9. The signing and entry of the trial court's order to the defendants to submit certain documents for an *in camera* review.

   R. p. 525 (April 7, 2005 Order)

10. The signing and entry of the trial court's dismissal of defendants' Notice of Appeal of the April 7, 2005 Order.

    R. p. 572 (May 2, 2005 Order)

11. The signing and entry of the trial court's subsequent order to defendants to submit documents for an *in camera* inspection.

    R. p. 572 (May 2, 2005 Order)

12. The signing and entry of the trial court's order that defendants turn over documents to plaintiff.

    R. p. 586 (June 2, 2005 Order)

Defendants contend the assignments of error are sufficient to place both plaintiff and the Court on notice of their issues on appeal, in that further elaboration of the assignments of error would add nothing in terms of putting plaintiff on notice of the legal bases for defendants' assigned errors. Defendants contend assignments of error nine through twelve are sufficient, and that defendants' assignments of error one through six provide the legal bases for why the trial court's entry of the orders listed in assignments nine through twelve were in fact done in error.

Based upon this Court's recent holdings, we hold defendants' assignments of error nine through twelve are insufficient, and must be dismissed. *See Broderick v. Broderick*, 175 N.C. App. 501, 502, 623

S.E.2d 806, 807 (2006) (dismissed assignment of error which stated simply " 'Plaintiff-Appellant assigns as error the following: Entry of the Order for Modification of Alimony filed October 7, 2004[,]' " with no legal basis given for purported error); *May v. Down E. Homes of Beulaville, Inc.*, 175 N.C. App. 416, 418, 623 S.E.2d 345, 356 (holding broad, vague, and unspecific assignments of error do not comport with the North Carolina Rules of Appellate Procedure), *cert. denied*, 360 N.C. 482, 632 S.E.2d 176 (2006); *Krantz v. Owens*, 168 N.C. App. 384, 388, 607 S.E.2d 337, 341 (2005) (no legal basis stated in assignment of error). As we are bound by precedent, we therefore grant plaintiff's motion and dismiss defendants' assignments of error numbers nine through twelve for failure to comply with our Rules of Appellate Procedure.

Thus, the issues that remain on appeal concern only the portion of the trial court's order pertaining to the release of various contracts and other documents related to the oceanfront condemnation cases. We therefore address only the following remaining questions presented by defendants' appeal: (1) whether the trial court erred in finding that the contracts were public records as defined by the Public Records Act; and (2) whether the trial court erred in denying defendants' motions to dismiss and strike plaintiff's complaint.

[3] Defendants contend the trial court erred in holding that certain records related to the engineering, surveying and other professional services rendered in connection with the Town's pending oceanfront condemnation litigation were public records. Specifically defendants argue that because the subject documents "were never in the Town's possession," they are not public records to which the public should be permitted to have access. In support of their argument, defendants cite section 132-6.2(e) of the Public Records Act, which provides in pertinent part that "Every custodian of public records shall permit any record *in the custodian's custody* to be inspected and examined." N.C. Gen. Stat. § 132-6(a) (2005) (emphasis added). Defendants further rely on this Court's holding in *Durham Herald Co. v. Low-Level Radioactive Waste Mgmt. Auth.*, 110 N.C. App. 607, 430 S.E.2d 441 (1993), in which we held that "records made by contractors and subcontractors [of a governmental agency], kept by the contractors and not actually received by the [Low-Level Radioactive Waste Management] Authority" are not public records under section 132-1 and are not subject to disclosure under the Public Records Act. *Id.* at 610-11, 430 S.E.2d at 444. The Court's determination was based upon the very specific exclusionary language of North Carolina General

Statutes, section 104G-6(a)(18) (1991) (repealed by Session Laws 1999-357, s. 4, effective July 1, 2000).[2] Section 104G-6(a)(18) was a statute of limited applicability, and applied specifically to the powers and duties of the. Low-Level Radioactive Waste Management Authority. The Court reasoned that the statute required the Authority to receive certain records generated by its contractors, but placed no timetable on the receipt of the records. *Durham Herald*, 110 N.C. App. at 612-13, 430 S.E.2d at 445. Once the records were received, they would become public, but while they remained with the contractors they would be shielded from scrutiny. *Id.* at 613, 430 S.E.2d at 445. Because of the specificity of this statute, and because we find no similar legislation enacted relative to the work of contractors for municipalities, we find the holding in the *Durham Herald* case unpersuasive in the instant case.

Defendants also argue on appeal that the law firm which was appointed as the Town Attorney acted merely as an independent contractor, not a government official, and that all contracts, surveys, and other documents related to the oceanfront condemnation litigation were created by the firm or created on the Town's behalf at the request of the law firm. Defendants argue that the documents were kept by the firm, and were never delivered to the Town, such that the Town never had the documents in its custody. We hold that not only is this argument without merit, but that it flies in the face of our precedents.

Under our Public Records Act, an analysis of whether documents, held by an entity other than the municipality itself, are subject to disclosure as a public record is two-fold: first, there must be a determination of whether the contractor is an " '[a]gency of North Carolina government or its subdivisions'; and second, if a contractor is found to be an agency, whether its records are 'public records' that were 'made or received pursuant to law or ordinance in connection with the transaction of public business. . . .' " *Durham Herald*, 110 N.C.

---

2. North Carolina General Statutes, section 104G-6(a)(18) (1991) (repealed by Session Laws 1999-357, s. 4, effective July 1, 2000) provided that "To carry out the purposes of this Chapter, the Authority: . . . (18) Shall receive all field data, charts, maps, tracings, laboratory test data, soil and rock samples, and such other records as the Authority deems appropriate, collected or produced by its employees, contractors, or consultants pursuant to siting, operating, or closing of low-level radioactive waste facilities. All such data and materials shall become the property of the State and shall not be disposed of except in accordance with G.S. 132-3 except that soil and rock samples may be subjected to tests and reduced in volume for purposes of storage in a manner approved by the Authority. The Authority may enter into agreements with other State agencies for the purpose of storage and preservation of data and materials[.]"

App. at 611, 430 S.E.2d at 444 (quoting *Publishing Co. v. Hospital System, Inc.*, 55 N.C. App. 1, 7, 284 S.E.2d 542, 546 (1981), *disc. review denied*, 305 N.C. 302, 291 S.E.2d 151, *cert. denied*, 459 U.S. 803, 74 L. Ed. 2d 42 (1982)). In the instant case, Vandeventer Black LLP was duly appointed and acted as the Town's attorney pursuant to North Carolina General Statutes, section 160A-173, and defendants admitted as much in their answer to plaintiff's amended complaint. Moreover, defendants conceded on appeal that all defendants, including Vandeventer Black LLP in its capacity as Town Attorney, were public officers of the Town.

An attorney serving as a city attorney is a public officer, in that his position is one created by statute. *City of Winston-Salem v. Yarbrough*, 117 N.C. App. 340, 349, 451 S.E.2d 358, 365 (1994). The Public Records Act specifically provides that the term "Agency of North Carolina government or its subdivisions shall mean and include every public office, public officer or official (State or local, elected or appointed)." N.C. Gen. Stat. § 132-1(a) (2005). Therefore, Vandeventer Black LLP was a public officer in that it was duly appointed and acted as the Town Attorney, and thus it constituted an agency of North Carolina government subject to the Public Records Act with respect to its dealings with the Town.

Next we must determine whether the records related to the engineering, surveying and other professional services rendered in connection with the Town's pending oceanfront condemnation litigation are " 'public records' that were 'made or received pursuant to law or ordinance in connection with the transaction of public business. . . .' " *Durham Herald*, 110 N.C. App. at 611, 430 S.E.2d at 444 (citation omitted). Defendants do not dispute that the records related to the engineering, surveying and other professional services rendered in connection with the Town's pending oceanfront condemnation litigation were paid for by the Town, and were made or received in connection with the Town's business. Instead, defendants contend only that the records should be considered to be the private property and work product of Vandeventer Black LLP in preparation for the oceanfront condemnation lawsuits. We disagree.

In North Carolina, anything in a client's file, which is in the hands of the client's attorney, belongs to the client, with the exception only of the attorney's notes or work product. *See* N.C. State Bar Revised Rules of Professional Conduct, Rule 1.16, Comment 10 (2006) ("Generally, anything in the file that would be helpful to succes-

sor counsel should be turned over. This includes papers and other things delivered to the discharged lawyer by the client such as original instruments, correspondence, and canceled checks. Copies of all correspondence received and generated by the withdrawing or discharged lawyer should be released as well as legal instruments, pleadings, and briefs submitted by either side or prepared and ready for submission. The lawyer's personal notes and incomplete work product need not be released."); CPR 3 (18 Jan. 1974) (notes that client's file may be turned over to client or new attorney). Therefore, as defendants paid for the records related to the engineering, surveying and other professional services rendered in connection with the Town's pending oceanfront condemnation litigation, defendants own the documents. Moreover, in *McCormick v. Hanson Aggregates Southeast, Inc.*, 164 N.C. App. 459, 473, 596 S.E.2d 431, 439-40, *disc. review denied*, 359 N.C. 69, 603 S.E.2d 131 (2004), we held that a City Attorney's work product may be subject to disclosure pursuant to the Public Records Act, as the Legislature has not created a work product exception to the Act's disclosure requirements.[3] Allowing defendants to prevail on their argument that these documents were the private property of the Town Attorney, and not property of the Town itself, would be permitting the Town to place documents such as these in the hands of a so-called independent contractor in order to escape the public records disclosure requirements. If an argument such as this were to prevail there would be nothing to prevent municipalities and other governmental agencies from skirting the public records disclosure requirements simply by hiring independent contractors to perform governmental tasks and to have them retain all documents in conjunction with the performance of those tasks that municipalities and agencies chose to shield from public scrutiny.

Therefore, as defendants have not disputed the fact that the Town paid for the records related to the engineering, surveying and other professional services rendered in connection with the Town's pending oceanfront condemnation litigation, or that the records were made or received in connection with the transaction of public business, we hold the trial court did not err in finding the records constituted public records and in ordering the release of the subject records.

---

3. The Public Records Act has been amended in the wake of *McCormick*. However, the amendment to the statute was subsequent to the controversy that gave rise to this appeal. *See* N.C. Gen. Stat. § 132-1.1 (2005).

**[4]** Defendants next argue the trial court erred in failing to dismiss plaintiff's petition for a writ of mandamus. Defendants contend the records at issue in this case are not public records, and therefore it was in the Town's discretion as to whether or not to release them. Defendants support their argument by stating that a writ of mandamus is a remedy that is appropriate only when a party seeks to compel a public official "to perform a purely ministerial duty imposed by law." *Hospital v. Wilmington*, 235 N.C. 597, 600, 70 S.E.2d 833, 835-36 (1952). A party seeking such a writ must have a clear legal right to demand it, "and the . . . person must be under a present, clear, legal duty to perform the act sought to be enforced." *Id.* at 600, 70 S.E.2d at 836.

Defendants contend the records related to the oceanfront condemnation litigation are not public records, and therefore plaintiff had no legal right to demand them and the Town had no legal duty to release them. We disagree. As we have held that the subject records are in fact public records subject to the disclosure requirements of the Public Records Act, plaintiff therefore was entitled to seek the release of the records pursuant to the Public Records Act. Thus, the trial court acted properly in denying defendants' motion to dismiss plaintiff's petition for a writ of mandamus.

**[5]** Defendants also argue the trial court erred in denying its motion to strike portions of plaintiff's amended complaint pursuant to Rule 12(f) of our Rules of Civil Procedure. Defendants contend certain allegations in plaintiff's amended complaint, related to the Town's initial release of the redacted billing statements, "are irrelevant, immaterial and impertinent in that they directly contradict or are not supported by the official records of the Town of Kitty Hawk."

Rule 12(f) permits a trial court to "order stricken from any pleading any . . . redundant, irrelevant, immaterial or scandalous matter." N.C. Gen. Stat. § 1A-1, Rule 12(f) (2005). "The purpose of Rule 12(f) is to avoid expenditure of time and resources before trial by removing spurious issues." *Estrada v. Jaques*, 70 N.C. App. 627, 642, 321 S.E.2d 240, 250 (1984). Unless an allegation in a complaint has no possible bearing upon the litigation, matters alleged in the complaint should not be stricken. *Shellhorn v. Brad Ragan, Inc.*, 38 N.C. App. 310, 316, 248 S.E.2d 103, 108 (1978). "If there is any question as to whether an issue may arise, the motion should be denied." *Id.*

In the instant case, the allegations in plaintiff's complaint questioned the Town's compliance with the Public Records Act and the

Town's resolution, not the accuracy of the Town's meeting minutes or records themselves. Plaintiff's allegations do not "ignore the official minutes and records of the Town Council," as alleged by defendants. As the substance of plaintiff's allegations were relevant and material to plaintiff's claims, we hold the trial court did not err in denying defendants' motion to strike portions of plaintiff's amended complaint.

**[6]** Finally, defendants contend the trial court erred in denying their motion to dismiss plaintiff's complaint based upon a lack of standing and failure to join necessary parties. Defendants argue that the reporter for *The Sentinel* who made the initial public records request is the only person entitled to seek enforcement of her public records request. Defendants further contend the reporter and the Town Clerk, whom defendants contend is the official custodian of the Town's records, are necessary parties, and without their joinder plaintiff's action must be dismissed.

"A necessary party is one who 'is so vitally interested in the controversy that a valid judgment cannot be rendered in the action completely and finally determining the controversy without his presence.' " *Karner v. Roy White Flowers, Inc.*, 351 N.C. 433, 438-39, 527 S.E.2d 40, 44 (2000) (quoting *Strickland v. Hughes*, 273 N.C. 481, 485, 160 S.E.2d 313, 316 (1968)).

Defendants argument that the reporter who made the initial request is the only party who is entitled to seek enforcement of the public records request is based upon wording found in *City of Burlington v. Boney Publishers, Inc.*, 166 N.C. App. 186, 192, 600 S.E.2d 872, 876 (2004) (" '[O]nly the person making the public records request is entitled to initiate judicial action to seek enforcement of its request.' " (quoting *McCormick*, 164 N.C. App. at 464, 596 S.E.2d at 434)). However, we find defendant's argument to be misplaced. Both *City of Burlington* and *McCormick* dealt with the issue of whether a governmental entity could file a declaratory action. Both cases held that our Public Records Act does not permit governmental entities to use a declaratory judgment action to determine the entities' rights under the Public Records Act. We held that only the party making the public records request may bring an action to enforce the Public Records Act and determine the rights of all parties under the Act. *See City of Burlington*, 166 N.C. App. at 192, 600 S.E.2d at 876; *McCormick*, 164 N.C. App. at 464, 596 S.E.2d at 434. In the instant case, the reporter made the initial public records request in her

WOMACK NEWSPAPERS, INC. v. TOWN OF KITTY HAWK

[181 N.C. App. 1 (2007)]

capacity as a reporter for *The Sentinel* and on behalf of plaintiff. Thereafter plaintiff's editor made the official written requests to the Town's Council and other Town officers, all of which were done in her capacity as editor of *The Sentinel* and on behalf of plaintiff. Thus, the party on behalf of which the request was made was a party to the action.

North Carolina General Statutes, section 132-6 provides that "[e]very custodian of public records shall permit any record in the custodian's custody to be inspected and examined at reasonable times and under reasonable supervision by any person, and shall, as promptly as possible, furnish copies thereof upon payment of any fees as may be prescribed by law." N.C. Gen. Stat. § 132-6(a) (2005). Pursuant to section 160A-171, the office of the town clerk "shall . . . be the custodian of all [town] records." N.C. Gen. Stat. § 160A-171 (2005); *see also,* N.C. Gen. Stat. § 132-2 (2005) ("The public official in charge of an office having public records shall be the custodian thereof."). As custodian of the Town's records, the town clerk does not have discretion to prevent inspection and copying of materials which constitute public records under our Public Records Act. *See* N.C. Gen. Stat. § 132-6(a) (2005); *Virmani v. Presbyterian Health Servs. Corp.,* 350 N.C. 449, 465, 515 S.E.2d 675, 686 (1999). However, the town clerk does not have the authority to declare certain documents to be public records without the Council's waiver of privilege and authorization to release the documents. Plaintiff included as parties to the action all town officials involved in the matter who had the authority over, and responsibility for determining whether the requested records constituted public records, and who ultimately were responsible for the Town's compliance with the Public Records Act. The Town Council was the governing body that had the authority to waive the Town's attorney-client privilege and instruct the town clerk as to whether or not the requested records could be disclosed. Based upon the Town's argument that the withheld documents fell within an exception to the Public Records Act, the town clerk lacked the authority to release the requested documents without the approval of the Council.

In addition, the policy underlying our Public Records Act is designed to give liberal access to public records, *see News and Observer Publishing Co. v. Poole,* 330 N.C. 465, 475, 412 S.E.2d 7, 13 (1992); *McCormick,* 164 N.C. App. at 463, 596 S.E.2d at 434, and to construe the statute so narrowly as to require the town clerk, to be a necessary party would be in contravention of the statute's intent.

Having named the Town through the Town Council, the Mayor, the individual Town Council members, the Town Manager, and the Town Attorneys as parties to this suit, and given the nature of the documents involved, we cannot hold the town clerk constitutes a necessary party without whom a valid judgment cannot be rendered in this action completely and finally determining the controversy.

As plaintiff has complied with the requirements of our Rules of Civil Procedure, and has included all necessary parties in the action, we hold the trial court acted properly in denying defendants' motion to dismiss plaintiff's complaint for a lack of standing and for failure to join necessary parties pursuant to Rule 12(b)(7) of our Rules of Civil Procedure.

Dismissed in part; affirmed in part.

Judges CALABRIA and GEER concur.