IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-284

No. COA21-495

Filed 3 May 2022

Forsyth County, Nos. 20 CVS 2779, 21 SP 58

IN RE:  PUBLIC RECORDS REQUEST TO DHHS IN CONNECTION WITH THE
DEATH OF JOHN NEVILLE.


Appeal by the State from order entered 12 February 2021 by Judge David L.

Hall in Forsyth County Superior Court.  Heard in the Court of Appeals 8 March 2022.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Mary Carla Babb, for the State.*

*Stevens Martin Vaughn & Tadych, PLLC, by Michael J. Tadych, Hugh Stevens, C. Amanda Martin, and Elizabeth J. Soja, for appellee-media coalition.*


ARROWOOD, Judge.

The State appeals from an order dissolving a temporary protective order that kept a coalition of media companies from accessing documents relating to the State's investigation of the death of an inmate in Forsyth County.  For the following reasons, we dismiss this appeal and remand to the trial court with instruction.

I.     Background

On 4 December 2019, John Neville ("Neville"), an inmate at the Forsyth County Law Enforcement Detention Center, died while in custody.  The North Carolina State Bureau of Investigation (the "SBI") undertook the investigation into

Neville's death. The SBI ultimately charged six defendants with involuntary manslaughter.

In the summer of 2020, the SBI provided a copy of its investigative files into Neville's death to Dr. Patrick Lantz, a county medical examiner and pathologist at Wake Forest Baptist Health. Around the same time, the North Carolina Department of Health and Human Services (the "DHHS") received voluntary public records requests from reporters with The News & Observer for all documents in the DHHS's possession relating to Neville's death. At that time, the six involuntary manslaughter charges were still pending.

On 28 January 2021, the DHHS sent an email to the Forsyth County District Attorney's Office ("District Attorney") communicating its intent to turn over the records it had relating to Neville's death, including portions of the SBI investigative file.

On 29 January 2021, the District Attorney filed an "Objection to the Release of the Records by DHHS" and a "Request for Temporary Protective Order" in Forsyth County Superior Court. The District Attorney claimed that "the records at issue contain the complete investigative file of" the SBI, including "investigative notes, interviews, . . . personnel information[,] . . . Neville's medical records, the Forsyth County Detention Center internal investigation and report, and related officer statements[.]" The District Attorney also claimed that the records included many

items that were "not otherwise subject to public disclosure while criminal cases involving them are still pending" and that they "contain[ed] information[ ] the release of which would violate HIPAA/HITECH and numerous statutes."

¶ 6          The trial court granted the temporary protective order on the same day.  The trial court also ordered for a hearing "on the potential release of these records" for 8 February 2021.

¶ 7          On 4 February 2021, a coalition of media companies (the "media coalition")—which included The News & Observer, WRAL-TV, ABC 11, WXII-TC, WUNC-FM, The Winston-Salem Journal, The News & Record, and WGHP-TV Fox8—filed a Motion for Access and a Motion to Dismiss.  The media coalition claimed that "[n]either Movants nor their counsel was given any advance notice of the proceeding or opportunity to be heard prior to the *ex parte* entry of the 'Temporary Protective Order' on 29 January 2021."  It further claimed that "the Forsyth District Attorney's office has no standing or authorization to bring an action to prevent another public agency from producing public records in response to public records requests made pursuant to the North Carolina Public Records Law or otherwise."

¶ 8          The matter came on for hearing in Forsyth County Superior Court, Judge Hall presiding, on 8 February 2021.  Appearing at the hearing in support of the Request for Temporary Protective Order were Forsyth County District Attorney James O'Neill and Assistant District Attorney Elisabeth F. Dresel; counsel for the media coalition

appeared in opposition to the District Attorney's request. Also present were the attorneys representing the six persons charged with Neville's death.

¶ 9　　The District Attorney introduced the SBI's "Investigative File Dissemination Request" as its exhibit. The District Attorney contended that this document indicated that "the SBI was sharing these records at the medical examiner's request for the purposes of their joint ongoing investigation" and that sharing the records with the media coalition could potentially prejudice the SBI's case. Conversely, the media coalition argued that, because the SBI had turned over its files to the medical examiner, a non-custodial law enforcement agency, those files now constituted public records under *News & Observer Pub. Co., Inc. v. Poole*, 330 N.C. 465, 412 S.E.2d 7 (1992).

¶ 10　　In a written order filed 12 February 2021, the trial court dissolved the temporary protective order and allowed the media coalition's motion to dismiss. Namely, the trial court concluded:

> [T]he subject law enforcement investigative files, having been provided by the law enforcement agencies to the Medical Examiner, a public agency for purposes of the Public Records Act, became public records pursuant to all existing North Carolina case authority, and are thus not subject to the protections afforded by N.C.G.S. § 132-1.4[.]

The District Attorney filed written notice of appeal on the same day.[1] This appeal is now being prosecuted by the Attorney General's Office on behalf the State.

## II.    Discussion

On appeal, the State argues that the trial court "misapprehended the applicable law in concluding the law enforcement records at issue became public records when provided to the medical examiner[,]" and that "the trial court abused its discretion in failing to determine whether the interests of justice would be served by extending its temporary protective order."

In turn, the media coalition argues, in pertinent part, that the State's appeal should be dismissed for lack of subject matter jurisdiction, because "the Record does not contain any summons issued to or served upon [the DHHS,] . . . the criminal defendants asserted to be in support of the [State's] Objection, or any of the appellees . . . as required by N.C. Gen. Stat. § 1-394 and N.C. Gen. Stat. § 1A-1, Rule 4(a)"; and because the State has no authority to "initiate a public records dispute in the form of an Objection[,]" as it is in the sole province of the public records requester to initiate a proceeding on that matter. We agree with the media coalition.

---

[1] The District Attorney also petitioned the trial court to stay its dismissal and dissolution of the temporary protective order, which led to a hearing held on 25 February 2021. The trial court took the matter under advisement until 3 March 2021. On 3 March 2021, the trial court "continue[d] the stay . . . to allow either the [media] Coalition to make its Public Records Act lawsuit, and/or the State to pursue the appeal, and/or one of the criminal defendants or the State to make a motion in the criminal matter."

A.     Procedural Impropriety

A temporary protective order is, under our General Statutes, a special proceeding.  *Compare* N.C. Gen. Stat. § 1-2 (2021) ("An action is an ordinary proceeding in a court of justice, by which a party prosecutes another party for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment or prevention of a public offense.") *with* N.C. Gen. Stat. § 1-3 (2021) ("Every other remedy is a special proceeding.").

Under our General Statutes,

> [s]pecial proceedings against adverse parties shall be commenced as is prescribed for civil actions.  The summons shall notify the defendant or defendants to appear and answer the complaint or petition of the plaintiff within 10 days after its service upon the defendant or defendants, and must contain a notice stating in substance that if the defendant or defendants fail to answer the complaint or petition, within the time specified, the plaintiff will apply to the court for the relief demanded in the complaint or petition.

N.C. Gen. Stat. § 1-394 (2021).

Our Rules of Civil Procedure "govern the procedure in the superior and district courts of the State of North Carolina in all actions and proceedings of a civil nature except when a differing procedure is prescribed by statute."  N.C. Gen. Stat. § 1A-1, Rule 1 (2021).  Accordingly, upon the filing of a special proceeding such as this, "summons shall be issued forthwith[.]" N.C. Gen. Stat. § 1A-1, Rule 4(a).  This matter was in fact assigned a Special Proceeding file number when it was filed.

¶ 17    Here, when the District Attorney filed its Objection and Request for Temporary Protective Order to keep the media coalition from accessing any files relating to Neville's death, neither The News & Observer, who filed the original voluntary public records request, nor any other member of the media coalition was named as a party or was notified to appear and answer. Although counsel for the DHHS is shown as having been served a copy of the District Attorney's Objection, no summons was issued, nor was the DHHS named as party to the action. In fact, the Record is devoid of any summons commencing the matter whatsoever.

¶ 18    Thus, the District Attorney's Objection and Request for Temporary Protective Order was not initiated in accordance with our Rules of Civil Procedure, and therefore our Courts do not have jurisdiction to consider the matter.

### B.    Lack of Authority

¶ 19    Under our General Statutes,

> [a]ny person who is denied access to public records for purposes of inspection and examination, or who is denied copies of public records, may apply to the appropriate division of the General Court of Justice for an order compelling disclosure or copying, and the court shall have jurisdiction to issue such orders if the person has complied with G.S. 7A-38.3E. Actions brought pursuant to this section shall be set down for immediate hearing, and subsequent proceedings in such actions shall be accorded priority by the trial and appellate courts.

N.C. Gen. Stat. § 132-9(a) (2021).

¶ 20 Previously, in *McCormick v. Hanson Aggregates Southeast, Inc.*, this Court addressed the issue of whether it was proper for a city attorney to file a complaint "seeking a declaratory judgment from the trial court that certain documents [the] defendant sought to obtain via a public records request . . . were not subject to disclosure." 164 N.C. App. 459, 461, 596 S.E.2d 431, 432, *writ denied, disc. review denied, appeal dismissed,* 359 N.C. 69, 603 S.E.2d 131 (2004). Citing N.C. Gen. Stat. § 132-9, we concluded that "the Public Records Act does not appear to allow a government entity to bring a declaratory judgment action; only the person making the public records request is entitled to initiate judicial action to seek enforcement of its request." *Id.* at 464, 596 S.E.2d at 434 (citation omitted). Accordingly, we held "that the use of a declaratory judgment action in the instant case was improper." *Id.*

¶ 21 We later relied on this excerpt from *McCormick* when deciding *City of Burlington v. Boney Publishers, Inc.*, in which we also held that "use of a declaratory judgment action under the Public Records Act was improper . . . ." 166 N.C. App. 186, 192, 600 S.E.2d 872, 876 (2004).

¶ 22 The same must be said here. Under our precedent and N.C. Gen. Stat. § 132-9, it was improper for the District Attorney in the case *sub judice* to file a request for temporary protective order to keep the media coalition from accessing the records. This is an additional jurisdictional defect on the face of this action.

### III. Conclusion

Because the District Attorney failed to follow the requirements of the Rules of Civil Procedure in filing its Objection and Request for Temporary Protective Order, and because no authority exists to provide the trial court jurisdiction over the relief sought by the District Attorney, we dismiss this appeal. We do not reach the underlying issue as to whether the documents at issue are public records within the meaning of the Public Records Act, and leave that issue to be determined in a subsequent proceeding brought pursuant to the provisions of the Act. This matter is remanded with instructions for the trial court to dismiss the underlying proceeding for lack of jurisdiction.

DISMISSED AND REMANDED.

Judge GRIFFIN concurs.

Judge MURPHY concurs with the exception of paragraphs 14-16.